## CIRCUIT COURT OF LOUDOUN COUNTY

William E. Buland

v.

Jane H. Buland

May 11, 1990

Case No. (Chancery) 11492

By JUDGE JAMES H. CHAMBLIN

The parties were finally divorced by decree entered December 29, 1988, which incorporated a Marital Settlement Agreement dated October 31, 1988. The Agreement provided that Mr. Buland shall pay to Mrs. Buland the sum of $750.00 per month for support of each of the two minor children adjusted annually by a cost of living index. On March 21, 1990, Mr. Buland filed a petition for reduction in child support because he "has suffered significant business reverses since the signing of the Property Settlement Agreement and the entry of the final decree . . . ."

This cause came on for hearing on the petition on May 7, 1990. At the hearing, Mr. Buland sought to introduce evidence as to the factors enumerated in §§ 20-107.2 and 20-108.1. Mrs. Buland objected to the admission of such evidence. The Court adjourned the hearing and took the matter under advisement.

For the reasons hereinafter set forth, Mrs. Buland's objection is sustained; however, Mr. Buland will be allowed to present evidence relevant to the matters the Court must consider under § 20-108.

The petition is pursuant to § 20-108 which provides that the petition must set forth the reasons for a revision and alteration of a prior support decree. Therefore, as

a matter of due process and notice, at the hearing the petitioner will not be allowed to assert, or present evidence in support of, any reason not set forth in the petition.

The petitioner must prove both a material change in circumstances and that such change justifies an alteration in the amount of support. If the Court determines that a material change in circumstances has occurred, then a modification is appropriate only after the Court has considered the material change in circumstances in relation to the factors set forth in § 20-108, namely, the circumstances of the parents and the benefit of the children may require. See *Edwards v. Lowry*, 232 Va. 110 (1986); *Hammers v. Hammers*, 216 Va. 30 (1975); *Yohay v. Ryan*, 4 Va. App. 559 (1987). As set forth in *Yohay*:

> Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties and the impact on the needs of the children.

4 Va. App. at 566.

Although *Yohay* was decided before the support guidelines were enacted in July, 1988 (the enactment of Section 20-108.2 and the amendment to § 20-108.1), I do not believe that such enactment mandates that the trial court consider all the factors of § 20-108.1 and § 20-107.2 on a petition pursuant to § 20-108. Section 20-107.2 still provides that it applies only when the Court decrees a dissolution of marriage, etc. Such is not the case here. Further, the provisions of § 20-108.1 and § 20-108.2 apply only to a proceeding to determine child support, not to alter and revise a previous child support decree. Both sections refer specifically to a "proceeding for child support," and such phrase implies to a proceeding to establish child support where none has been previously established. Further, if the General Assembly had intended that on a petition for reduction the Court consider all the factors as if child support had never been decreed, then it would have deleted the phrase "as the circumstances of the parents and the benefit of the children may require" from § 20-108.

Also the "circumstances of the parents and the benefits of the children" should not be construed to include all the statutory factors in a case where the parents have previously agreed on child support and have such support made a part of the decree. To do so would completely undermine the obvious desire of having parents agree on child support as opposed to having it ordered by a court. What would be the incentive to agree when a parent knows that the other parent could always go to court to have support established according to the statutory factors if there is a material change of circumstances (which could involve only one of the several factors, *e.g.* financial resources of the parent)? Courts should always encourage settlements, not litigation.

Therefore, at the hearing on a petition under Section 20-108, the petitioner cannot present evidence of any reason for the revision and alteration of the support decree that is not set forth in the petition. Of course, the petitioner can present evidence of the present circumstances of the parents and the benefit of the children (the factors the Court must consider under § 20-108), but such evidence, by itself, cannot form the basis of any modification of the support decree.

Applying the foregoing to this case, Mr. Buland, based upon the petition he has filed, can only present evidence of his alleged "business reverses" as evidence to support his requested modification of the support decree. The material change in circumstances requirement only applies to the alleged "business reverses," and if it is determined to be a material change in circumstances, then the Court will modify the support decree if it is appropriate in relation to the present circumstances of the parents and the benefit of the children.