### Richmond

Shirley Irene Kegley Monahan v. Joseph C. Monahan.

November 29, 1971.

Record No. 7633.

Present, Snead, C. J., I'Anson, Carrico, Gordon, Harrison and Cochran, JJ.

*Stuart B. Campbell* (*Campbell & Campbell*, on brief), for appellant.

No brief or argument for appellee.

Per Curiam.

The decree entered August 4, 1970 granted appellant, Shirley Irene Kegley Monahan, a final divorce from Joseph C. Monahan on the grounds of constructive desertion but denied her custody of their three daughters and also denied her alimony. She assigns error to the action of the chancellor in finding that she was not a proper person to have custody of her daughters, in awarding custody of these

children to their maternal grandmother, Edna Kegley, in finding that she was not entitled to alimony and in awarding inadequate attorney's fees to her counsel.

The decree awarded custody of the three daughters, then 12, 10, and 4 years of age, respectively, to their grandmother, Edna Kegley, with whom appellant made her home, subject to the conditions that Mrs. Kegley assume personal charge and responsibility for their custody, that the children not be permitted to leave home except in the custody of their grandmother and that the grandmother "not continue or accept outside employment". Appellee, Joseph C. Monahan, was given certain visitation rights and the provision for custody of the children was to continue for a period of one year, subject to "reevaluation". The decree contained a finding that neither appellant nor appellee was a proper person to have custody of their children.

The chancellor also found "as a matter of law" that Shirley Irene Kegley Monahan was not entitled to alimony or support.

■ We find no evidence in the voluminous record, other than a vague, uncorroborated statement by Monahan, which would even cast doubt upon Mrs. Monahan's fitness as a mother. Monahan testified that he had heard "pretty straight" that his wife was talking with another man and that on four or five occasions he had observed her walking with a man out the gate of the plant where she was employed. Opposed to this was the positive testimony of numerous witnesses that Mrs. Monahan was a good mother and a fit and competent person to have custody of the three girls. We conclude that the chancellor erred in finding, contrary to all the probative evidence, that appellant was not a proper person to have custody of the children.

There is no evidence that the welfare of the children, which is of primary importance, will suffer if their custody is awarded to appellant. Since she is a fit person, the law favors awarding custody to the mother as the natural custodian of these young girls. *Campbell v. Campbell*, 203 Va. 61, 63, 122 S.E.2d 658, 660-61 (1961). Hence the chancellor erred in not awarding appellant custody of her daughters.

■ Having found that she was entitled to a divorce on the grounds of constructive desertion the chancellor erred in denying alimony to Mrs. Monahan. We have consistently held that unless the separation leading to divorce was caused by misconduct on the part of the wife her husband is not relieved of his obligation to support her.

*Guy* v. *Guy*, 210 Va. 536, 539, 172 S.E.2d 735, 737-38 (1970); *Beers* v. *Beers*, 198 Va. 682, 691, 96 S.E.2d 139, 145 (1957).

■ Appellant also assigns error to the allowance of attorney's fees for her counsel, contending that the amount awarded is inadequate. The determination of the amount of attorney's fees is a matter within the sound discretion of the chancellor. While the allowance of $200.00 appears small, we cannot say as a matter of law that there was an abuse of discretion.

For the reasons stated, the decree denying appellant custody of her daughters and refusing to allow her a reasonable sum for her support and maintenance is hereby set aside and annulled, and the case is remanded to the trial court with directions that it award custody of the three children to their mother, with reasonable visitation rights reserved to the father, and that it determine a reasonable sum to be awarded appellant for her support and maintenance, plus any necessary and reasonable attorney's fees incurred by her in the further prosecution of this suit.

On motion of the attorney for appellant, a fee of $400.00 is allowed him for prosecuting this appeal, which will be taxed as part of the costs of the appeal.

*Affirmed in part; reversed in part; and remanded.*