# Richmond

## PATRICIA ANN TREGER v. WARREN ALVIN TREGER.

January 17, 1972.

Record No. 7655.

Present, All the Justices.

*Arthur L. Moshos* (*Myron C. Smith; Fitzgerald, Smith & Davis,* on brief), for appellant.

No brief or argument for appellee.

Per Curiam.

Patricia Ann Treger was awarded a divorce *a vinculo matrimonii* by decree entered September 5, 1969, which required her former husband to pay her $200 per month alimony and $600 per month for support of their two minor children. Several months later an order was entered and a rule issued directing Treger to appear and show cause why he should not be punished for failure to make the specified payments. Treger filed a motion for reduction in alimony and child support payments, alleging a material reduction in his income.

After a hearing, the chancellor entered an order on May 1, 1970, reciting that Treger's annual earnings had been reduced from approximately $28,000 to approximately $7,800. The order reduced his child support payments to $300 per month, required Treger to pay certain arrearages and counsel fees, and decreed that Patricia was "no longer entitled to any sum for alimony . . . ." She appeals from this order, assigning error to the ruling of the chancellor that she was no longer entitled to alimony.

There is no dispute as to the facts. Treger's circumstances had

changed for the worse. His earnings had been drastically reduced, as the chancellor found, although it appears that the reduction in gross earnings was from $28,000 to $12,480, rather than to his take-home pay of $7,800. Treger had also remarried since his divorce from Patricia, and was supporting his new wife and her three children by a former marriage. Patricia had been earning approximately $70 per week when the alimony payments of $200 per month had been fixed. Her salary had been increased to $90 per week at the time of the last hearing.

The broad discretion of the chancellor to fix the amount of alimony will not be disturbed unless it is clear that some injustice has been done. *Oliver* v. *Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960). But nothing in the present record supports the ruling of the chancellor that Patricia is no longer entitled to any alimony. Indeed, Treger did not even ask that her alimony be terminated. He merely asked for a reduction in alimony and child support payments in view of his reduced earnings.

It was quite proper for the chancellor to reduce Treger's child support payments. It would also have been proper for him to reduce the alimony payments or, as Patricia concedes, to suspend such payments temporarily. *See* Annot., 18 A.L.R.2d 10 (1947). But it was improper to terminate her right to alimony, thereby forever barring her from receiving support from Treger, regardless of improvement in his financial position. Her right to alimony had been established in the divorce proceedings and, absent a material and permanent change in circumstances, her former husband could not be relieved of the obligation to support her. *See Monahan* v. *Monahan*, 212 Va. 406, 184 S.E.2d 812 (1971).

The record shows no material change in Patricia's circumstances and a substantial decline in Treger's earnings which may be only temporary. His assumption of the responsibility of supporting a new wife and her children is entitled to little, if any, consideration. Annot., 18 A.L.R.2d 10, 89 (1947). At the time of the hearing Treger was approximately 35 years of age. He had suffered no catastrophic illness nor permanent incapacity which would justify the chancellor's ruling, less than eight months after the allowance of alimony had been decreed, that he should be relieved of any further obligation to support his former wife.

The order of May 1, 1970, is reversed and the cause remanded with direction to reinstate Patricia Ann Treger's right to alimony.

*Reversed and remanded.*