## CIRCUIT COURT OF HENRICO COUNTY

Barbara G. Stone

    v.

Ted Vernon Stone, Sr.

May 18, 1984

Case No. A-1771-J

By JUDGE L. PAUL BYRNE

This matter is before the Court on an appeal from an Order of the Juvenile and Domestic Relations District Court entered January 23, 1984, requiring the defendant to pay to the plaintiff the sum of $195.00 per month for the support of the parties' son, Ted Vernon Stone, Jr., aged seventeen years, who is severely and permanently retarded. Both parties perfected an appeal and the case was heard on March 12, 1984, and, due to the crowded nature of the Court's docket that day, was taken under advisement.

The parties were married on February 5, 1966, and subsequently divorced by Final Decree entered in this Court on August 16, 1982. Custody of the son was awarded to the plaintiff in that Decree.

The plaintiff is employed as a secretary/clerk by Sears, Roebuck & Company and works an average of $27\frac{1}{2}$ hours per week. She is unable to work full-time because of the need to be with and care for her handicapped son and the unavailability of qualified persons to care for him in her absence. She lives with her son in a government subsidized two-bedroom rental apartment in eastern Henrico County and has not remarried. In 1983, her gross annual income from wages was $8,400.00.

The defendant is employed as a clerk by the United States Postal Service. He admits having a son by another woman while married to the plaintiff and without her knowledge for whom he pays $155.00 per month as support under a Court Order. The defendant has remarried and he and his second wife have an eleven-month old baby and the wife has three teenaged children by a former marriage. The defendant, his wife, her three children and their child occupy a four-bedroom home at 9401 Radborne Road, which was purchased jointly a little over one year ago. The home also contains a combination living and dining room, family room, kitchen and utility room and is equipped with washer and dryer, refrigerator, dishwasher, microwave oven, freezer and central air conditioning. The mortgage payments are $560.00 per month, including taxes and insurance. The defendant's annual gross wages, if paid by-weekly, as his exhibit shows, amount to $25,781.60.

The Court does not find it necessary to restate the evidence in detail. Suffice it to say, that the defendant enjoys a much higher standard of living today than his former wife and child. During the first three years of his separation from his first family he paid $75.00 every two weeks to the plaintiff for child support, but in November 1983, when advised by the plaintiff that she would ask the Court for an increase he did not make any payments for the last half of November and all of December. He testified that he is willing to contribute to the support of his first son but only in accord with his salary and expenses and he asks the Court to consider the fact that his son, due to his disability, is entitled to certain Social Security benefits.

The Court has reviewed the evidence applicable to the exhibits of income and expense submitted by the parties and adjusted them where deemed necessary. It is clear that the plaintiff's evidence discloses a continuing need for support of their severely retarded son. Her gross monthly income is $741.97 and after deduction for Federal and State Income Taxes, Social

Security and retirement, her net monthly income is $530.06. Her adjusted basic monthly living expenses for herself and her son amount to $872.38, plus transportation (automobile expenses) of $134.13, for a total of monthly adjusted expenses of $1,006.51. This leaves her with an adjusted monthly deficit, the excess of expenses over income, of $476.45. She receives for the benefit of her son an average monthly payment (after quarterly adjustments) of $134.47 as disability benefits from Social Security.

The law in Virginia as applied by the Supreme Court gives "little, if any, consideration" to the expenses of defendant's second family. See Hammers v. Hammers, 216 Va. 30 (1975); Tregar v. Tregar, 212 Va. 538 (1972). Applying this principle to the defendant's income and expenses, the Court finds that certain expenses shown by the defendant must be adjusted to show the apparent benefit derived from such expenses by his second family, i.e., the mortgage payment, utilities, one-half of car payment on present wife's car and Court ordered support payments for his son by another woman. No adjustment has been made for food, doctor's and medicines, insurance, clothing and child care. Converting the defendant's gross annual income to a monthly basis and allowing 50% of the expenses which show an apparent benefit to his second family, the Court finds that his monthly gross income is $2,148.47, less provision for Federal and State Income Taxes, FICA, retirement and hospitalization of $670.34, leaving a monthly net income of $1,478.13; that the defendant's monthly basic living expenses, as adjusted by the Court are $809.35, plus transportation (automobile expense) of $250.00, for a total of allowable adjusted monthly expenses of $1,084.35. This leaves a balance or excess of income and expenses of $393.78 per month.

In view of the above, the defendant shall pay to the plaintiff the sum of $260.00 per month for the support of Ted Vernon Stone, Jr., effective May 1, 1984, and a like amount on the first day of each month thereafter. Further, the defendant shall pay, forthwith, the sum of $150.00 to Larry A. Pochucha, attor-

ney for the plaintiff on account of counsel fees. The case shall be remanded to the Juvenile and Domestic Relations District Court of the County of Henrico for such further proceedings as may be applicable under the law.