## CIRCUIT COURT OF HENRICO COUNTY

Margaret W. Proctor

v.

William F. Proctor

May 24, 1984

Case No. 80-C-1375/Q-81

By JUDGE L. PAUL BYRNE

This matter came before the Court and was heard on April 9, 1984, on the plaintiff's motion for an increase in spousal and child support and attorney's fees and the defendant's motion for an increase in his visitation rights with the infant child of the parties, William F. Proctor, II, aged twelve years, and for an abatement or reduction of child support for one month during the Summer vacation when the child was visiting with the defendant. At the conclusion of the hearing, the Court disposed of the defendant's motion and the remaining issues on the plaintiff's motion for an increase in spousal and child support and attorney's fees were taken under advisement.

The parties were divorced by Final Decree entered in this cause on December 28, 1981, and the plaintiff was awarded custody of the infant child and the defendant's visitation rights were defined. Further, the plaintiff was awarded a lump sum award in the amount of $6,000.00 and monthly spousal and child support

payments of $200.00 and $300.00, respectively. In addition, the defendant was required to make certain payments for the child's education and to provide for hospital, medical and dental expenses, etc. By Order dated December 2, 1982, and entered *nunc pro tunc* as of November 22, 1982, the monthly spousal support payments were increased to $450.00 and the monthly child support payments were increased to $400.00.

In disposing of the issues remaining in this cause, the Court does not find it necessary to review in detail all of the evidence presented. The defendant has remarried and occupies the former marital residence, which he purchased from the plaintiff, with his current wife and her child by a former marriage and they enjoy a very comfortable standard of living. It is apparent from the evidence that the defendant's annual gross income has increased from $141,000.00 in 1982, to $172,000.00 in 1983, an increase of $31,000.00 or approximately 22%. The defendant is a radiologist and is associated with the group of medical doctors that operate the McGuire Clinic.

The plaintiff is employed as a personnel manager by Thalhimers, a department store located in the City of Richmond, and her annual gross wages are $18,500.00. She has been employed in this capacity for approximately three and a half years and in 1983 her annual salary was increased from $17,000.00 to $18,500.00, an increase of approximately 9%. She and the infant son occupy a three-bedroom apartment on Derbyshire Road in Henrico County. While not as comfortable and affluent as that of the defendant and his family, the plaintiff and her son enjoy a moderately comfortable standard of living due primarily to her employment and the support provided by the defendant.

In order to prevail the plaintiff must show a continuing need for support and maintenance for herself and the infant son of the parties and a substantial change in circumstances to justify the increase sought. Based upon a comparison of the income and expense exhibits submitted to the Court on November 22, 1982, and those submitted at the hearing before this Court on April 9, 1984, the Court finds that the plaintiff has borne the burden imposed by the law in Virginia. While her gross income has increased by 9%, her basic living expenses for her and the child, after adjustment

for reasonableness by the Court, have increased by more than 30%.

In fixing the amount of increase to which the plaintiff may be entitled under the evidence in this cause, the Court is required to consider the standards or criteria contained in Code §§ 20-107.1 and 20-107.2 (formerly Code § 20-107) and Code § 20-109. Although, such an award lies within the sound discretion of the Court, the exercise of such discretion cannot be arbitrary and must be made "upon the circumstances disclosed by the evidence at the time of the award." See *Thomas* v. *Thomas*, 217 Va. 502 (1976); and *Jacobs* v. *Jacobs*, 219 Va. 993 (1979). In addition, the law in Virginia is well settled that "little, if any, consideration is given to the expenses of the defendant's second family." See *Hammers* v. *Hammers*, 216 Va. 30 (1975); *Treger* v. *Treger*, 212 Va. 538 (1972). Applying these principles to the evidence before the Court and after due consideration of the standards contained in Code §§ 20-107.1 and 20-107.2, and a balancing of the respective needs and capacities of the parties, the Court finds that the evidence does not justify an increase in child support for the infant child of the parties at this time. However, the Court finds that the evidence is sufficient to entitle the plaintiff to an increase in spousal support.

Accordingly, the plaintiff's motion for an increase in child support is denied and her motion for an increase in spousal support is granted. The defendant shall pay to the plaintiff the sum of $800.00 per month as spousal support beginning June 1, 1984, and a like amount. monthly thereafter until the further Order of the Court. In addition, the defendant shall pay to Murray J. Janus, Esquire, attorney for the plaintiff, the sum of $1,000.00 on account of attorney's fees and $25.00 on account of costs incurred on behalf of the plaintiff.