**Alexandria**

DONALD W. FARLEY

v.

JAYNE S. LISKEY

No. 1880-89-4

Decided March 5, 1991

2

COUNSEL

William H. Ralston (Moore, Jackson, Ralston & Crist, on brief), for appellant.

Nancy M. Reed (Dansby & Reed, on brief), for appellee.

OPINION

**BARROW, J.**—This is an appeal from an order requiring a mother to pay child support to the children's father in an amount determined under Code § 20-108.1. We hold that the trial court erred (1) by not determining the presumptive amount of child support under the guidelines found in Code § 20-108.2 before considering the mother's monetary contribution to the support of her two children by a later marriage, (2) by imputing income to the

mother without first determining the presumptive amount and without making written findings on the cost and availability of child care services, and (3) by reducing the mother's child support obligation because of two days per week visitation she has with the children.

The parties were divorced in 1986. They share joint legal custody of their three minor children, with the father having primary physical custody. The mother has visitation on alternating weekends all year, one night per week during the school year, and one overnight per week and two continuous one-week periods during the summer. The mother remarried in 1988 and has two infant children from that marriage.

At a support hearing initiated by the father, the mother testified that she earns $400 a month as a child care provider. She further testified that she has an undergraduate degree and a teacher's certificate but has been unsuccessful in her efforts to obtain a teaching position. Based on this testimony, the trial court found that the mother had made reasonable efforts to obtain a teaching job and, therefore, refused to impute to her the income of a teacher for child support purposes. Nonetheless, under the authority of Code § 20-108.1(B)(3), the trial court imputed income of $866 per month to the mother on the basis that "she should be able to make somewhat more than $4.50 an hour." The trial court deducted $346.40 (two-fifths of $866) from $866 as monetary support for the mother's two children from her second marriage. This left $519.60 as the mother's "available monthly income." The trial court then added $519.60 to $1,650, the father's monthly gross income, to get $2,169.60 as the "combined monthly gross income" of the parties. Applying $2,169.60 to the statutory guidelines, the trial court determined that the mother's support obligation was $166.50. The court then subtracted $50.12 from $166.50 to account for the mother's two days per week visitation with the three children.

## I. OTHER FAMILY MEMBERS

In Virginia, before the adoption of Code § 20-108.1, the necessity of supporting a new family from a later marriage was entitled to little or no consideration in determining the amount of child support for children of the first marriage. *See Edwards v. Lowry*, 232 Va. 110, 113, 348 S.E.2d 259, 261 (1986); *Treger v.*

*Treger*, 212 Va. 538, 539, 186 S.E.2d 82, 84 (1972). That rule was changed with the passage of Code § 20-108.1. Under the new law, "actual monetary support for other children, other family members or former family members" is a valid factor to consider when determining a child support obligation. Code § 20-108.1(B)(1).

■ The father contends that Code § 20-108.1 did not change the rule expressed in *Edwards* and *Treger*. He argues that "actual monetary support for other children" refers to an obligation arising before the child support obligation in question. This argument reads a limitation into the statute which is not there.[1] We must take these words as they are written and give them their plain meaning. *See Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985); *Diggs v. Commonwealth*, 6 Va. App. 300, 302, 369 S.E.2d 199, 200 (1988). The language of the statute reflects the General Assembly's decision to adopt the income shares model for child support guidelines, Rep. of the Joint Subcomm. Studying Child Support Formulas, H.D. No. 34, at 11 (1988), a model intended to provide also for later families. Williams, *Guidelines for Setting Levels of Child Support Orders*, 21 Fam. L. Q. 281, 309-10 (1987).

■ The trial court did err, however, in reducing the mother's child support obligation because of her children by her later marriage before it determined the presumptive amount. Before any of the factors of Code § 20-108.1 can be considered, a trial court must first apply the child support guidelines of Code § 20-108.2 to determine the presumptively correct amount of child support. *Richardson v. Richardson*, 12 Va. App. 18, 21, 401 S.E.2d 894, 896 (1991). Only then may the presumptive amount be reduced because of other statutorily recognized factors. In addition, only "[a]ctual monetary support" may be considered in determining whether a support obligation for other children causes the presumptive amount to be "unjust or inappropriate in a particular case." Code § 20-108.1. The only evidence of the mother's actual monetary support for her other children was her statement that she spent $45 a month for their clothing. Therefore, even though Code § 20-108.1(B)(1) permits the trial court to consider the mother's children from her later marriage in determining her

---

[1] Code § 20-108.1(B)(1) reads: "Actual monetary support for other children, other family members or former family members."

child support obligation to her children by the previous marriage, the trial court erred in subtracting two-fifths of the mother's income to account for the mother's two children by her second marriage before determining her presumptive child support obligation to the three children by her first marriage.

## II. IMPUTED INCOME

■ The presumptive amount of child support may be affected by "[i]mputed income to a party who is voluntarily unemployed or voluntarily under employed." Code § 20-108.1(B)(3). However, in this case, by imputing income to the mother before determining the presumptive amount of child support, the trial court also erred. *See Richardson,* 12 Va. App. at 21, 401 S.E.2d at 896. "Gross income" used to enter the Schedule of Monthly Basic Child Support Obligations is carefully defined and includes only actual income. Code § 20-108.2(C). Imputed income is a factor which may be used to rebut the presumptive amount only after the presumptive amount is determined. Code § 20-108.1(B)(3).

■ In imputing income to the mother, the trial court further erred in not making written findings explaining why imputed income to the mother would make it unjust or inappropriate to apply the guidelines to this case. *Richardson,* 12 Va. App. at 22, 401 S.E.2d at 896. To rebut the presumptive amount of the statutory guidelines the trial court's order must contain "written findings." Code § 20-108.2. Absent these findings, deviation from the statutory guidelines cannot be permitted to stand.

## III. ARRANGEMENT REGARDING CUSTODY

■ A third factor which may be used to rebut the presumptive amount of child support is the "[a]rrangements regarding custody of the children." Code § 20-108.1(B)(2). In considering this factor, the trial judge calculated that, on average, the mother spends 2.167 days per week with the children. He also calculated that the total support obligation of the parties is $23.13 a day. He then multiplied 2.167 by 23.13 to reach $50.12, which he subtracted from the mother's support obligation to account for her visitation time with the children. This reasoning fails to account for the fixed costs associated with being the primary custodian of the children. These fixed costs are not relieved by periodic visitation of short duration. Arrangements regarding custody of a child which actually reduce the costs to the primary custodian may be used to

rebut the presumptive amount of child support; however, periodic visitation of short duration which does not reduce the costs to the primary custodian may not. We find, therefore, that the trial court erred in subtracting $50.12 from the mother's child support obligation.

For the reasons stated, the decision of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Koontz, C.J., and Duff, J., concurred.