## CIRCUIT COURT OF FAIRFAX COUNTY

Carol P. Hallman

v.

Paul W. Hallman

August 8, 1991

Case No. (Chancery) 90243

By JUDGE RICHARD J. JAMBORSKY

The matter is before the Court upon the motion of Paul W. Hallman, Defendant, for a support reduction.

After considering that the Defendant is financially responsible for a severely handicapped child of his current marriage, as well as the college expenses of yet another child, the Court finds that a reduction in support is appropriate. The Court believes that $1,414.50 is a fair and appropriate monthly child support obligation for the Defendant and that $92.19 is a fair monthly child support obligation for Carol P. Hallman, Plaintiff. Therefore, the motion is granted.

In the recent decision of *Richardson v. Richardson*, the Virginia Court of Appeals set forth the proper determination of child support pursuant to the Code of Virginia:

> The starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Code § 20-108.2(B). This amount is determined according to a schedule that varies according to the combined gross income of the parties and the number of children involved.

> No additions or subtractions from the gross income of the parties, as defined in Code Section 20-108.2(C), even if otherwise valid considerations, may be made *before* this figure is determined. However, *after* determining the presumptive amount of support according to the schedule, the trial court may adjust the amount based on the factors found in Code §§ 20-107.2 and 20-108.1.

*Richardson v. Richardson*, 12 Va. App. 18, 21 (1991). The Court further notes that "[d]eviations from the presumptive support obligation must be supported by written findings which state why the application of the guidelines in the particular case would be unjust or inappropriate." *Id.* at 21.

In the case at bar, the Court has calculated the monthly income of the Defendant as $16,667 and the monthly income of the Plaintiff as $1,250. Thus, the combined parental income is $17,917 a month, which exceeds the highest level of income for which the guidelines set a presumptive amount.

"Discretion shall be applied in determining a basic child support obligation when the parent's combined gross income exceeds the highest income level set out in the schedule." Va. Code Ann. § 20-108.2(B). To determine the appropriate presumptive amount, the Court follows a logical progression of the guidelines. *See Conway v. Conway*, 10 Va. App. 653, 395 S.E.2d 464 (1990). For guidance, the Court has looked to guidelines prepared by attorney Richard Byrd, a member of the Fairfax Bar Association and Chairman of its Family Law Section. Mr. Byrd's guidelines expand the schedule to a monthly level of income of $50,000. That schedule suggests that for a monthly income of $17,917 an appropriate amount of child support is $1,317. The respective obligation of the parties is calculated according to their contribution to total parental income. Thus, the Defendant would be responsible for 93% of the child support, or $1,224.81 a month and the Plaintiff would be responsible for 7% of the child support, or $92.19 a month.

Any presumptive amount of child support, however, is merely a rebuttable presumption. Va. Code Ann. Section 20-108.1(B). The Court has carefully reviewed the facts

of the present case and finds that the amount suggested by the guidelines is inappropriate and unjust to the Defendant. To rebut a presumptive amount of child support, the Court may consider "[a]ctual monetary support for other children, other family members, or former family members." Va. Code Ann. § 20-108.2(B)(1) (1950). Here, the Defendant is responsible for a severely handicapped child from his current marriage. The Court finds that the Defendant is responsible for that child in the amount of $1,200 monthly. The Court further considers that the Defendant has another child that will be attending college for which the Defendant will expend $1,500 monthly. *See Farley v. Liskey,* 12 Va. App. 1 (1991). Thus, the Court finds that the obligation of the Defendant should be reduced.

As guidance, the Byrd guidelines would suggest that the Defendant's child support obligation would more appropriately be $1,121 a month. (Adjusting the Defendant's income to $13,967 reduces total parental income to $15,217. The Byrd guidelines suggest an appropriate amount of child support would be $1,221 a month. The Defendant's share of that amount would be 91.79% of $1,221, or $1,121.) Therefore, the Court reduces the monthly obligation of the Defendant to $1,121.

The Defendant also urges the Court to impute income to the Plaintiff. To rebut the presumptive amount of child support, the Court may consider "[i]mputed income to a party who is voluntarily unemployed or voluntarily under employed." Va. Code Ann. § 20-108.1(B)(3). Any imputation of income must necessarily be done after arriving at a presumptive amount of child support. *Farley,* 12 Va. App. at 2, 3. In the present case, the Court does not impute income to the Plaintiff, because her current level of employment is not inappropriate for the mother of a school age child.

The Court rejects the Defendant's arguments to deviate further from the presumptive award due to his other financial responsibilities, including the support of his current wife. In the present case, the Court has considered all the statutory factors and factual circumstances. The Court does not consider any other factor or circumstance significant enough to rebut the presumptive amount as unfair or inappropriate.

The Court may consider the "tax consequences to each party" in its award of child support. Va. Code Ann. Section 20-108.1(B)(14-15). The Defendant suggests increasing his child support obligation by 20.75% to compensate for the Plaintiff's tax liabilities on child support (15% federal tax rate and 5.75% state tax rate). The Plaintiff argues that 20.75% would be unfair because taxes would still be assessed on that additional amount of child support. Instead the Plaintiff suggests that the child support should be increased by 26.18% to compensate for the tax liabilities on the original award of child support. The Court finds that an increase of 26.18% to compensate for taxes is appropriate and fair. Thus, the Defendant's monthly child support obligation is $1,414.50.

In conclusion, because the total monthly parental income in this case exceeds the levels for which the statutory guidelines suggest a presumptively correct amount of child support, the Court has looked to the extended guidelines of Mr. Byrd for guidance. The Court finds that the monthly obligation of $92.19 suggested for the Plaintiff by the extended guidelines is fair and appropriate.

However, after considering the Defendant is financially responsible for a severely handicapped child of his present marriage and for a child that will be attending college, the Court determines that the amount of child support suggested by those guidelines is inappropriate for the Defendant. Accordingly, the Court reduces his child support obligation to $1,121 a month. Lastly, to compensate for the tax consequences of the award, the Court increases the obligation by 26.18%. Thus, the Court finds that monthly child support payments of $1,414.50 are an appropriate obligation for the Defendant.