MATTHEW J. BAUMGARTNER

v.

CYNTHIA ANN MOORE, f/k/a/

CYNTHIA ANN BAUMGARTNER

No. 0917-91-4

Decided June 16, 1992

Counsel

Karl F. Weickhardt, for appellant.

J. William Gilliam (Gilliam, Sanders & Brown, on brief), for appellee.

Opinion

**MOON, J.**—Matthew J. Baumgartner seeks reversal of a child support award upon the ground that the trial judge did not comply with the provisions of Code § 20-108.2.

We reverse the judgment because (1) the trial court allowed the wife credit for clothing and other items and the cost of food for the children during visitation although the record did not support a finding that the husband saved money equal to the amount of the allowance, and (2) the trial court gave the wife credit for her transportation expenses without a showing that the expenses exceeded those routinely necessary for a non-custodial parent to visit with his or her children.

Appellant filed a motion for the support of his two minor children, ages twelve and nine at the time of the motion, who had been in his care and custody since November 1982. Both parties to this case have remarried and the husband has a child from the second marriage. The wife has never paid child support. Both husband and wife testified to monthly expenses exceeding their incomes, the wife's expenses exceeding her income by $470.12, the husband's expenses exceeding his income by $322. The wife earned about $1550 per month as a bank clerk. She testified that she and her new husband kept their financial records separate. The new husband paid for her housing, food, and utilities but she paid all of her other expenses. Appellant had income of over $4752 per month from his employment as a magistrate, his pension, a part-time job, and rental income from a garage apartment attached to his home. The trial court found that the presumed correct amount of child support to be paid by the wife was $334 per month, based upon a combined gross monthly income of $6,302. Code § 20-108.2 provided the children's support needs to be $1,231 per month to which the court added an additional amount of $105, the monthly cost to the husband of orthodontic

care for one of the children.

However, the court calculated the mother's expenses in connection with visitation and clothing and other items for the children to be $346.73. The court found the mother unable to pay any support. However, the mother volunteered to pay one child's orthodontic expenses of $105 per month for two years and, therefore, the court ordered her to pay $105 per month. Nevertheless, the amount of the support award differs from that contained in the guidelines.

When this is the case,

> a trial court must make written findings of enough detail and exactness to allow for effective appellate review of the findings. Specifically, these findings must identify the factors that justified deviation from guidelines, and explain why and to what extent the factors justified the adjustment.

*Richardson v. Richardson*, 12 Va. App. 18, 22, 401 S.E.2d 894, 897 (1991). Here, the trial court's written findings explained the reasons for deviating from the guidelines. However, we hold that the deviation from the guidelines was not justified.

In reaching its decision, the trial court referred to Code § 20-107.2(2)(f) ("[t]he contributions, monetary and non-monetary, of each party to the well being of the family"), Code § 20-107.2(2)(h) ("such other factors, including tax consequences to each party, as are necessary to consider the equities for the parents and the children") and Code § 20-108.1(2) ("arrangements regarding custody of the children").

The first reason identified by the trial court as a reason to reduce the amount required to be paid under the guidelines was the cost of clothing and other items given to the children, and the expenses incurred during visitation by the mother. The mother claimed the food costs averaged $76.24 per month during visitation and vacation time and the mother also claimed expenses for clothing, school supplies and phone calls for a total of $172.73 per month spent on the children. Additionally, the trial court gave the wife a deduction of $151.68 for automobile expenses for driving back and forth to see the children and picking the children up and taking them to her home and taking the children back and forth

to church. This expense was not proven as the amount incurred but the mileage was calculated at 632 miles per month and multiplied by a factor of twenty-four cents per mile, the amount allowed by the Internal Revenue Service for business mileage to persons who do not have records of actual cost to support a deduction.

In *Farley v. Liskey*, 12 Va. App. 1, 401 S.E.2d 897 (1991), we held that arrangements regarding custody of a child that actually reduce the cost to the primary custodian may be used to rebut the presumptive amount of child support. However, periodic visitation of short duration that does not reduce the cost to the primary custodian may not be used. *Id.* at 5-6, 401 S.E.2d at 899-900. Here, no showing has been made that what the mother was allowed to offset against the presumed amount of spousal support actually reduced the husband's expenses by an equal amount. The trial court stated that it could be inferred that there was some reduction of the husband's costs. However, in order for the wife to obtain credit and rebut the presumptive amount, the trial court, based on the evidence before it, would have to state in written findings to what extent it found that the wife's actual expenditures reduced the husband's expenditures. This was not done, nor, in our view, was the evidence sufficient for the court to make such findings.

Furthermore, with regard to the clothing expenses and other expenses the wife testified she incurred on behalf of the children, these expenditures, not made pursuant to any order, should not have been relied on by the court in making the award. The custodial parent is responsible for providing for the care and maintenance of the children. Without some assurance of the amount of support that will be received from the non-custodial parent, it is difficult for the custodial parent to budget and plan for care and maintenance. To give the wife credit for such gifts would leave the custodial parent at the mercy of the non-custodial parent's generosity.

The record also fails to demonstrate that the travel expenses the wife incurred in visiting the children were extraordinary and other than the ordinary expenses of visitation contemplated by the legislature in setting forth the presumptive amount. This is not a case in which the non-custodial parent is required to travel great distances to visit the children because the custodial parent has moved

away with the children or because of some other necessity or un-usual circumstance. There is no showing why the transportation expenses should be, in effect, charged to the husband.

The trial court also justified the reductions based upon the fact that the parties had gotten along well over the years and that the mother had "religiously exercised her visitation rights." The court did not wish to do anything that would upset that practice. The mother has paid no support and the trial court theorized that if the mother had to pay support, she might have to work part of the time she now spends with the children. The evidence does not support a finding that, without the allowance, she could not continue reasonable visitations with the children and the evidence does not justify placing her visitation expense upon the father who does have a part-time job.

Accordingly, we hold it was not proper for the court, under the circumstances of this case, to allow the mother to reduce the amount of support by an allowance for clothing and other items she bought for the children, or for the food and transportation expenses she incurred while exercising her routine visitation privileges.

For these reasons, the judgment of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Willis, J., and Elder, J., concurred.