COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


SAMUEL RICHARDSON

v.   Record No. 0450-96-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
CONCRETE WALLS, INC.                          JUNE 18, 1996
AND
ROYAL INSURANCE COMPANY OF AMERICA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (James D. Alvey; Alvey & Alvey, on briefs),
              for appellant.

              (Edward H. Grove, III; Brault, Palmer, Grove,
              Zimmerman, White & Mims, on brief), for
              appellees.


     Samuel Richardson ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his

application for reinstatement of temporary total disability

benefits based upon a change in condition related to a November

4, 1992 right knee injury.  Claimant contends that the commission

erred in refusing to consider his application on the ground that

it was not timely filed.  Specifically, claimant argues that the

commission erred in (1) finding that he sustained a new injury on

November 4, 1992, rather than a change in condition; (2) applying

the two-year statute of limitations contained in Code § 65.2-601,

rather than the limitations period contained in Code § 65.2-708;

and (3) ignoring the January 1993 Supplemental Memorandum of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Agreement and January 25, 1993 award.  Finding no error, we affirm the commission's decision.

I.

On May 21, 1992, claimant sustained an injury by accident to his right ankle.  On July 27, 1992, the commission approved a Memorandum of Agreement entered into between the parties and, on July 29, 1992, the commission entered an award.  The post-May 21, 1992 medical records do not contain any evidence of an injury to claimant's right knee.  On September 9, 1992, claimant returned to his pre-injury work.

Claimant testified that, sometime in November 1992, he injured his right knee when he twisted his right ankle and right knee while chasing his dog.  On November 5, 1992, Dr. David A. Kavjian, an orthopedic surgeon, examined claimant for increased right ankle pain and for right knee pain and swelling.  Claimant told Dr. Kavjian that he twisted his right ankle and then his knee while chasing after his dog on November 4, 1992.  On November 25, 1992, claimant underwent right knee surgery, which revealed a partial tear of the anterior cruciate ligament, torn medial and lateral menisci, and a chondral fracture of the medial femoral condyle.

On January 25, 1993, pursuant to a fully executed Supplemental Memorandum of Agreement, the commission entered an award for temporary total disability benefits beginning November 5, 1992.  The Supplemental Memorandum of Agreement referred to the May 21, 1992 right ankle injury.

In July 1993, Dr. George Branche, III, performed additional

surgery on claimant's right knee. On June 1, 1994, Dr. Branche opined that claimant could return to work. Claimant received temporary total disability from November 5, 1992 through May 31, 1994. On March 17, 1995, Dr. Branche opined that claimant must be on a sedentary work schedule due to continued problems with his right knee. On January 4, 1995, Dr. Jeffrey S. Malka also opined that claimant should be retrained for sedentary work due to his knee condition.

On May 26, 1995, claimant filed an application requesting reinstatement of temporary total disability benefits commencing February 25, 1995, and vocational rehabilitation, based upon an alleged change in condition related to his right knee condition. Claimant relied upon the reports of Drs. Branche and Malka.

The commission held that claimant's May 26, 1995 application for benefits related to his right knee condition was not timely filed. In so ruling, the commission held that claimant's November 4, 1992 right knee injury constituted a new injury rather than a change in condition. The commission found that, "[n]either the content of the medical reports nor the employee's sworn testimony provide sufficient evidence for a determination that the employee's right knee injury was either a compensable consequence of the industrial accident to his right ankle or a change in condition from the initial injury." Therefore, the commission ruled that the two-year statute of limitations contained in Code § 65.2-601 governed claimant's application.

3

Because claimant did not file an application for benefits related to his right knee condition within two years from the date of his accident, i.e., November 4, 1992, the commission held that the application was time-barred.

## II.

Claimant bore the burden of proving that his May 26, 1995 application constituted a timely change in condition application related to his right knee injury. Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant's argument hinges on his contention that the January 1993 Supplemental Memorandum of Agreement and the January 25, 1993 award provided for benefits related to his November 4, 1992 right knee injury. There is no evidence to support this contention. First, the Supplemental Memorandum of Agreement refers to the May 21, 1992 ankle injury. It does not contain any reference to a November 4, 1992 right knee injury. Second, the post-November 4, 1992 medical records show that claimant sustained increased right ankle pain, as well as right knee pain. Third, claimant testified unequivocally that he injured his right knee while chasing his dog on November 4, 1992. He gave no indication that the May 21, 1992 right ankle injury caused the right knee injury. Based upon these undisputed facts, the

4

commission reasonably concluded that the Supplemental Memorandum of Agreement and subsequent award provided for a resumption of temporary total disability benefits related only to the aggravation of claimant's compensable May 21, 1992 ankle injury on November 4, 1992, and did not provide benefits for any disability related to his November 4, 1992 right knee injury. Because claimant never filed an original application for benefits related to the right knee injury, the commission did not err in finding that his May 26, 1995 application could not be treated as a change in condition application. Rather, the application constituted an initial claim for benefits related to claimant's right knee condition. As such, we cannot say as a matter of law that the commission erred in finding the May 26, 1995 application time-barred because it was not filed within two years from November 4, 1992.

In addition, no medical evidence showed that claimant's right knee injury constituted a change in condition causally related to his May 21, 1992 right ankle injury or that his right knee injury was a compensable consequence of the initial injury. "[W]here the facts establish a new and separate compensable injury rather than a compensable change in condition, the time limitations of Code § 65.1-87 [now Code § 65.2-601] are applicable and the claimant may not use a change in condition application to invoke the time limitations of Code § 65.1-99 [now Code § 65.2-708]." Bartholow Drywall Co. v. Hill, 12 Va. App.

5

790, 796–97, 407 S.E.2d 1, 4–5 (1991).

For the reasons stated, we affirm the commission's decision.

<u>Affirmed</u>.