# CIRCUIT COURT OF FAIRFAX COUNTY

Judith M. Miller

v.

David L. Miller

November 21, 2006

Case No. (Chancery) 2005-4388

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Ms. Miller's Motion for Reconsideration of this Court's order of September 29, 2006. Ms. Miller's Motion is granted for the reasons stated herein and any wages earned from the date of this order while Mr. Miller is on work release will be apportioned equally between Mr. Miller's three minor children. Mr. Miller's request, made in his responsive brief, for the retroactive modification of his support obligation to his three children is denied. Mr. Miller's other comments and criticisms of Complainant's Motion for Reconsideration will not be addressed as they are substantively irrelevant to the issues at hand.

*Facts*

Mr. Miller has three minor children, two born of his marriage with Complainant and one minor child born of a relationship with Ms. Julia Christel. Mr. Miller currently owes child support arrearages to all three of his minor children.

On September 25, 2006, Judge Valentine, of the Fairfax Juvenile and Domestic Relations Court, found Defendant in contempt for nonpayment of child support to Ms. Christel for their child and sentenced Defendant to twelve

months in jail, with work release approved, with the condition that the sentence could be purged with the payment of the arrears owed to Ms. Christel, a sum of $23,000.00. *D.C.S.E. ex rel. Julia Christel v. David Miller*, No. JA324859-01-03 (Fairfax Co. J&DR).

On September 29, 2006, Ms. Miller's Rule to Show Cause against Mr. Miller for nonpayment of child support owed to his two minor children from the marriage was heard by this Court. The Court found Mr. Miller in contempt of a *pendente lite* child support order entered by Judge Klein on December 29, 2005 and sentenced Mr. Miller to twelve months in jail, not to exceed the twelve months Mr. Miller was already serving under Judge Valentine's order, with work release approved, and with the condition that the sentence could be purged by paying Ms. Miller $25,565.00 in arrearages. The Court further ordered that any monies earned during work release, if Mr. Miller found a job, would be paid proportionally with 30% of any earnings going to Ms. Miller and her two children from the parties' marriage and 70% going to Ms. Christel for the support of her child with Mr. Miler. *Kennedy v. Kennedy*, CH-2005-4388 (Va. Cir. filed Sept. 22, 2005).

## Analysis

As a preliminary matter, the proration statutes, found in Virginia Code § 63.2-1954, governing how the Department of Child Support Enforcement should prioritize multiple support obligations, do not apply here because the Agency, while involved in the Christel case, is not involved in the Miller case. *See In re Rick Allen Bridges; In re Clifton Simmons*, 65 Va. Cir. 304, 308-09 (Rockingham County 2004) (the *pro rata* scheme embodied in Virginia Code § 63.2-1954 applies even in contempt cases where DCSE is involved).

While there are no cases directly on point, the standards that govern courts in determining and setting support initially are instructive. First, the best interest of the child or children is the guiding principle in setting child support. *Watkins v. Henley*, 13 Va. App. 151, 158 (1991). Second, in initially determining support, a court must consider a paying parent's other child support obligations. *Farley v. Liskey*, 12 Va. App. 1, 4-5 (1991); Va. Code § 20-108.1(B)(1) (2006).

In the instant case, Mr. Miller has three minor children, two by Ms. Miller and one Ms. Christel, who are all equally deserving of support. As such, Ms. Miller's request that any monies earned by Mr. Miller while on work release should be split equally among the three children is well taken. In

fact, Mr. Miller himself, in his responsive brief to the Motion for Reconsideration, asks that any monies paid to the children as a result of his work release be equally apportioned among his three minor children.

As a final matter, the Court will not consider Mr. Miller's request to retroactively modify his child support obligation for any of his three minor children. The Court has no jurisdiction to modify Mr. Miller's support obligation to Ms. Christel because that matter is not now nor has it ever been before this Court. As to Mr. Miller's child support obligation to Ms. Miller, absent some showing of fraud, child support obligations cannot be retroactively modified. *Moorman v. Moorman*, 62 Va. Cir. 497, 501 (Roanoke 2003) (absent some showing of fraud, child and spousal support obligations cannot be retroactively modified), citing *Cofer v. Cofer*, 205 Va. 834, 839 (1965) (Va. Code § 20-108 does not permit courts to relieve a delinquent parent of an obligation accrued under a previous court order), overruled on other grounds by *Singh v. Mooney*, 261 Va. 48, 53-54 (2001).

For the foregoing reasons, Ms. Miller's Motion for Reconsideration of the Court's apportionment of any monies earned by Mr. Miller while on work release is granted and Mr. Miller's request to retroactively modify his child support obligation is denied.

## *Order*

It appearing to the Court that the Complainant's Motion for Reconsideration should be granted and that any monies earned by Mr. Miller while he is on work release should be equally apportioned between Complainant's two minor children with Defendant and Defendant's child with Ms. Christel, and it further appearing to the Court that Mr. Miller's request for retroactive modification of his child support obligations to his three minor children should be denied, it is hereby ordered that this Court's September 29, 2006, order is modified only to the extent that Mr. Miller's earnings on work release shall be apportioned equally among his three minor children as of the date of this order, with the rest of the September 29, 2006, contempt order remaining unchanged for the reasons set forth in the accompanying letter opinion; it is further ordered that Mr. Miller's request for retroactive modification of his child support obligations to his three minor children is denied for the reasons set forth in the accompanying letter opinion; and it is further ordered that this Court's suspending order, entered on October 13, 2006, is vacated.