## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Betty Gregory Major

v.

Michael Wayne Major

April 4, 1995

BY JUDGE WILLIAM N. ALEXANDER, II

From the evidence heard ore tenus at the trial of this matter on February 7, 1995, I find that the wife is entitled to a divorce a vinculo matrimonii upon the grounds of cruelty, including causing reasonable apprehension of bodily hurt and upon the grounds that the husband has been convicted of a felony and sentenced to confinement for a period of more than one year.

The custody of Monica shall be awarded to the mother.

In determining the equitable distribution of the property, I find the following property to be marital property, to have the value as stated, and to be held as indicated:

| Property: | Value: | Held: |
|---|---|---|
| (1) Marital Home, 1027 Samuel Road, Danville, Virginia | $117,000.00 | Jointly |
| (2) Household Furniture and Equipment | 5,290.00 | Jointly |
| (3) Ford Taurus | 5,000.00 | Wife |
| (4) Savings Account | 1,000.00 | Wife |
| (5) Corning Investment Plan | 6,383.31 | Wife |
| (6) Corning Retirement Plan | 16,123.00 | Wife |
| (7) Life Insurance Policy (cashed) | 4,000.00 | Husband |
| (8) Cash in Possession of Husband and Used by Husband for Attorney's Fee in Criminal Case | 10,000.00 | Husband |

Total Marital Estate: $164,796.31

Of the total marital property, wife owned or had joint title to property valued at $89,651.31 or 54.4%, and husband owned or had joint title to property valued at $75,145.00 or 45.5%.

There remains a note with a principle balance due of $22,145.93 made payable to husband and wife. This note represents the balance due as a result of the sale of a house on Ricketts Street in the City of Danville. This property was purchased by wife in 1975 prior to the marriage for the sum of $15,000.00. She paid the down payment of $3,000.00, lived there prior to the marriage, and made the monthly payments. The house was sold in 1991, but sometime prior to the sale, wife transferred the property into both names. Notwithstanding the retitling of the property, I find from the evidence presented that the property is retraceable, that the transfer was not a gift, and that it remains the separate property of wife.

In determining the equitable distribution to be made of the marital assets, I have considered all the factors set out in § 20-107.3(E)(1)-(10). Of particular importance were factors 1, 2, 5, 6, and 10. The home, representing approximately 71% of the marital estate was purchased in 1988. Husband and wife first separated in March of 1993. From March, 1993, through the hearing date (23 months), wife had made all the monthly house payments of $682.00 per month, with the exception of one month, and had paid all taxes for the two years ($637.00 per year).

In considering the circumstances contributing to the dissolution of the marriage, it is appropriate to note that wife's grounds for divorce were cruelty and husband's conviction and incarceration for several horrible felonies committed against wife.

Wife has suffered a disastrous financial setback as a result of husband's cruel and inhumane treatment. She is no longer in a position to maintain her home as before, her income now falling hundreds of dollars short each month. She has suffered both physically and mentally as a result of the crimes perpetrated upon her.

Considering all the facts and circumstances of this case, I think it both appropriate and just that all of the marital property be transferred to wife. Wife shall in turn be responsible for all marital debt.

While this is a case in which wife clearly is in need of spousal support, was without fault in bringing about the separation, and entitled to alimony, husband has no income from which to pay it. Accordingly, an award of spousal support will be reserved.

The last matter to be considered is child support. There was one child born of this marriage, Monica, age 14. Applying the guidelines of § 20-

108.2, the presumptive amount of child support would be zero. The husband has no income since he is incarcerated.

However, considering the factors set forth in Section B, I find that the application of the guidelines would be inappropriate in this case and that the presumptive amount established by the use of the guidelines has been rebutted. The evidence clearly establishes that husband had been gainfully employed; that in 1992 he was employed in Georgia making $32,000.00 per year; that he returned to Virginia in January, 1993, and became voluntarily unemployed; and that he remained unemployed until June, 1993, when he began working at Times-Fiber Communications, Inc., where he was making $1,745.42 per month. He remained employed there until October, 1993, when he was arrested on the charges involving his wife for which he subsequently was convicted and imprisoned.

The acts for which the husband was convicted and which led to his incarceration were clearly voluntary on his part. While he certainly had no control over whether or not he was to be incarcerated and thus unable to earn any income, this does not change the fact that everything he did leading to his incarceration was entirely voluntary, and he committed the acts knowing of the probable consequences. As a result, husband is "voluntarily unemployed" within the meaning of § 20-108.2(B)(3), and income should be imputed to him for purposes of child support.

Husband will, in all probability, be released from incarceration in the foreseeable future. To allow him to escape responsibility for child support because of his own destructive acts is patently wrong.

As to the amount of income to be imputed to husband, given his employment history, the Court could use his income received in Georgia or his most recent income from his job in Virginia at Times-Fiber. The more appropriate amount would be the income received in 1993 from Times-Fiber. Accordingly, I find the following:

| | |
|---|---|
| Wife's Monthly Gross Income | $2,702.42 |
| Husband's Gross Monthly Income | 1,765.42 |
| Total Monthly Income | $4,467.84 |
| Monthly Child Support Obligation from Guidelines | 606.00 |
| Percent Obligation of Husband | 40% |
| Percent Obligation of Wife | 60% |
| Monthly Child Support Obligation of Husband | $242.40 |