## CIRCUIT COURT OF CLARKE COUNTY

Linster

v.

Linster

November 29, 1995

Case No. C95-3414

BY JUDGE JAMES L. BERRY

Based on the evidence, exhibits, and argument of counsel at the *ore tenus* hearing in the captioned matter had on November 27, 1995, the Court holds as follows.

A decree of divorce *a vinculo matrimonii* will be awarded to complainant, Mary Katherine Linster, on grounds set out in § 20-91(1).

Complainant having a current gross income of $3,458.00 per month and defendant a current gross income of $0.00 per month, presumptive child support for Katie and Wendy Linster is zero. Having reviewed the cases cited, particularly *L.C.S. v. S.A.S.*, 19 Va. App. 709 (1995), that court having explicitly declined to decide whether an incarcerated parent is "voluntarily unemployed," this Court does so hold. That case is instructive, however, regarding imputation of income to Mr. Linster. Mr. Linster having lost his ability to obtain the necessary security clearance, this Court is forbidden to impute income to him at his former rate of $16.50 per hour and will therefore impute income to defendant at the rate of $7.00 per hour or $1,213.00 per month. There, additionally, having been no sufficient evidence of the monthly cost of necessary counseling, the Court awards child support payable by the defendant on behalf of Katie and Wendy in the sum of $255.27 per month beginning November 27, 1995.

Regarding equitable distribution, the Court has considered § 20-107.3 and finds Factor 6 in favor of the husband, Factors 2, 3, and 4 even, Factor 1 in favor of the wife, and Factor 5 strongly in favor of the wife.

The Court will first observe that no evidence was offered of the existence or value of any pensions of the parties, and they will therefore not be

considered. Secondly, the Geo Prism and the Chrysler Credit debt appear to be a wash, and both are awarded to the wife.

Additionally, the Court finds marital personal property totalling $2,800.00 with $1,000.00 furniture in possession of the wife, $300.00 furniture, $500.00 tools, and $1,000.00 tractor in possession of the husband.

The Court appoints Mr. Buchbauer and Ms. Solomon as special commissioners to sell the real estate, pay off the first and second trust, the Visa, Mastercard, and two Sears cards, with the proceeds thereof. Thereafter, after deducting commissioners' fees and costs of sale, the commissioners will add $2,800.00 to that net balance and divide that sum 60% to Mrs. Linster (less $1,000.00 in kind) and 40% to Mr. Linster (less $1,800.00 in kind).

The Court will award attorney's fees in favor of Mrs. Linster in the sum of $800.00 and costs of $61.00.