# CIRCUIT COURT OF THE CITY OF SALEM

Division of Child
Support Enforcement,
o/b/o Bertha H. Thornton

v.

Kenneth D. Huddleston

June 25, 1997

Case No. CH97-100

By Judge Robert P. Doherty, Jr.

The father's initial child support obligation was set by order of a court of competent jurisdiction while he was gainfully employed. Thereafter, the father committed a felony which resulted in his current incarceration in the Virginia State Penitentiary. Due to his imprisonment, he has been unable to obtain a job, and, accordingly, he requested a reduction or temporary suspension of his child support obligation from the Juvenile and Domestic Relations District Court for the City of Salem. He now appeals *de novo* the adverse decision of that court. The Division of Child Support Enforcement opposes a reduction or suspension of the child support obligation, claiming that the commission of the felony was a voluntary act on the part of the father and, therefore, he is voluntarily unemployed. The Court agrees with this position.

There is a two-pronged test that has to be satisfied before a Court will reduce or suspend child support payments. First, there must be "a material change in circumstances." Second, this material change must be seen as "justifying modification of the support requirement." *Antonelli v. Antonelli*, 242 Va. 152, 154 (1991), quoting with approval from *Edwards v. Lowry*, 232 Va. 110, 112 (1986).

The first prong of the test is easily satisfied. The father is now a convicted felon, unemployed, and incarcerated in prison. He cannot be gainfully employed. In fact, it is argued convincingly that it is impossible for him to earn

a reasonable income from which to pay child support. Obviously, there has been a material change in circumstances, but "a material change in circumstances, standing alone, does not provide a basis for the trial Court to modify its support decree." *Yohay v. Ryan*, 4 Va. App. 559 (1987), and *Maya v. Maya*, 1996 Va. App. LEXIS 8 (1996).

The second prong of the test is not so easily satisfied. The *Antonelli* decision at page 154 held that:

> In discharging this burden [of justifying modification], a father seeking a reduction in support payments must also make a full and clear disclosure about his ability to pay, and he must show his claimed lack of ability to pay is not due to his own voluntary act or because of his neglect. In other words, the father must establish that he is not "voluntarily unemployed or voluntarily underemployed."

The father argues that he is involuntarily unemployed, held against his will in prison, and that compliance with the support order is impossible. The State argues that the father is voluntarily unemployed because the commission of the felony was a voluntary act and his imprisonment is a natural and probable risk and consequence of that voluntary act.

There are no published appellate Court cases in the Commonwealth that answer the question of whether imprisonment for a felony is a voluntary act which denies the felon a child support reduction or suspension. Instead, when faced with this issue, in *L.C.S. v. S.A.S.*, 19 Va. App. 709, 717, 718, 719 (1995), the Court of Appeals said:

> We do not decide whether an incarcerated parent is "voluntarily unemployed" under Code § 20-108.1(B)(3) due to his incarceration because here the known resources of the payor parent provide an alternate means of computing the award.

There are, however, three cases which give guidance under these circumstances. The first is *Major v. Major*, 36 Va. Cir. 190 (1995), wherein the Court found that the husband should not escape responsibility for child support because of his voluntary acts in the "several horrible felonies committed against the wife." Instead, the Court imputed income to him. The second case, *Linster v. Linster*, 37 Va. Cir. 382 (1995), analyzed the *L.C.S.* case and ruled that the Court of Appeals "having explicitly declined to decide whether an incarcerated parent is voluntarily unemployed, this Court does so hold." Finally, the unpublished memorandum opinion of the Virginia Court of

Appeals in *Brooks v. Division of Child Support Enforcement, ex rel. Cathleen Brooks*, Record # 1928-96-2, dated June 3, 1997, is helpful. There the Court found, citing *Antonelli v. Antonelli*, and *Edwards v. Lowry*, that a child support obligor fails to show himself free of responsibility for his change in circumstances when "the diminution of his income was caused by his incarceration for a voluntary criminal act."

The reasoning of these last three cases is clear, cogent, and convincing. A child support obligor who voluntarily commits a crime that causes his incarceration and, consequently, his loss of earning power, is voluntarily unemployed as defined in § 20-108.1(B)(3). The Petitioner in this case, because he is voluntarily unemployed, has not born the burden of proving that his changed circumstances justify a child support reduction or suspension. His Petition is denied.