## Richmond

JULIA S. HAMMERS, NOW JULIA S. STEINGOLD V. RONALD P. HAM-
MERS.

June 13, 1975.

Record No. 740449.

Present, All the Justices.

(*R. Gordon Scott; F. Lee Ford*, on brief), for appellant.

No brief for appellee.

Case submitted on brief by appellant.

I'Anson, C.J., delivered the opinion of the court.

The sole issue on this appeal is whether the chancellor erred in reducing the amount of maintenance and support for the two minor children of the parties.

Julia S. Hammers, now Julia S. Steingold, was granted a divorce *a vinculo matrimonii* from Ronald P. Hammers by a decree entered on May 25, 1972. The decree approved and incorporated therein a settlement agreement between the parties which provided, *inter alia*,

that Ronald Hammers would pay the sum of $275 semi-monthly for the maintenance and support of their two minor children.

On October 17, 1973, Hammers filed a petition in the court below praying, *inter alia*, for a reduction in the amount of the support of the two children on the ground that there had been a "gross change" in his financial circumstances. After hearing evidence, the chancellor entered a decree on January 15, 1974, reducing the semi-monthly payments to $225.

Mrs. Steingold contends that the evidence was insufficient to support the chancellor's decree.

Hammers' evidence shows that after the entry of the decree of May 25, 1972, his prior indebtedness to a bank of $2,000 increased to approximately $4,020; that he was in arrears in the payment of his State and Federal income taxes for 1972 in the amount of $3,458; that his unpaid estimated income taxes for 1973 amounted to approximately $7,000; and that he had remarried in March of 1973. Hammers conceded, however, that his income from his law practice increased from $24,000 in 1972 to $30,000 in 1973.

Mrs. Steingold presented in evidence an itemized statement of the cost of supporting the two children which was far in excess of the $550 monthly payments for their support.

Code § 20-108 gives the court continuing jurisdiction to change or modify its decree as to the custody and maintenance of minor children, and a contract between the husband and wife cannot prevent the court from exercising this power. *Carter* v. *Carter*, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975). In exercising this power the court may revise and alter its decree if a material change in condition and circumstances has occurred. *Campbell* v. *Campbell*, 203 Va. 61, 64, 122 S.E.2d 658, 661 (1961).

The burden is on the father of minor children to prove by a preponderance of the evidence that a change in his capacity to pay rendered him unable to keep up the payments of the amounts fixed by the agreement with his wife and ratified by the court. *See Crosby* v. *Crosby*, 182 Va. 461, 464, 29 S.E.2d 241, 242 (1944).

Where, as here, the father seeks a reduction in the amount of payments for the support and maintenance of his minor children because of a change in his financial condition, he must make a full and clear disclosure relating to his ability to pay. He must also show that his lack of ability to pay is not due to his own voluntary act or because

of his neglect. *See Crosby* v. *Crosby, supra,* 182 Va. at 466, 29 S.E.2d at 243.

In the present case, the evidence is without conflict. It shows that Hammers' income from the practice of law was $6,000 more in 1973 than it was in 1972, the year in which he entered into the agreement with his wife to pay $550 a month for the support of their two children. Moreover, the evidence does not show that his failure to pay his income taxes was not due to his own voluntary act or neglect. The fact that Hammers has remarried and has another family dependent upon him for support is entitled to little, if any, consideration. *See Treger* v. *Treger,* 212 Va. 538, 539, 186 S.E.2d 82, 84 (1972).

We hold that Hammers did not prove by a preponderance of the evidence that there had been a material change in his financial condition which justified a reduction in the payments for the support of his two minor children. Hence, the decree of January 15, 1974, is reversed and the cause remanded to the court below to take such steps as it may deem advisable to enforce the payment of the amounts due and to become due by Hammers under the decree of May 25, 1972.

*Reversed and remanded.*