CATHERINE MUNN EDWARDS

V.

JOHN CARLTON LOWRY

Record No. 830779

September 5, 1986

Present: All the Justices

*C.A. White* for appellant.
*George R. Parrish (Howard B. Cohen*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

We here consider whether a party whose income has declined as a result of his own misconduct may rely on such diminution of income as ground for a reduction of court-ordered child support payments pursuant to Code § 20-108.

John and Catherine Munn Lowry (now Catherine Munn Edwards) were divorced on no-fault grounds in February 1982. They had earlier entered into a property settlement agreement which provided that Catherine was to have custody of Tabatha, the couple's four-year-old daughter, and that John was to pay $325 per month to Catherine for Tabatha's support. The agreement was filed among the papers in the divorce suit, but was neither ratified by the court nor incorporated into the divorce decree.

A month after the entry of the divorce decree, John petitioned the juvenile and domestic relations (JDR) court for a reduction of child support, alleging changed circumstances. On March 17, 1982, the JDR court entered an order reducing child support to $290 per month. Catherine appealed the ruling to the circuit court, which heard additional evidence and, on June 21, 1982, fixed child support at $300 per month. The case was remanded to the JDR court.

Less than two months later, John filed another petition in the JDR court for a reduction, stating that he had been suspended from his employment on July 1, 1982, and had since been unable to find work. The JDR court denied the petition on the ground that John's loss of employment was a result of his admitted larceny from his employer, a hardware dealer. John appealed to the circuit court.

The appeal was heard on January 24, 1983. John testified that he had been caught stealing from his employer in December 1981 and had been warned that if he stole again he "would be in trouble." When he was accused of pilferage the second time, on June 29, 1982, he was discharged. He had been unable to secure new employment, but was trying, with limited success, to "make ends meet" as a self-employed contractor weatherproofing homes and doing repair work. His financial burdens were greatly increased because of his remarriage in February 1982. His new wife was unemployed and had two children by a prior marriage. John was supporting them. Catherine had also remarried and had a son five months old. The court determined that John's loss of employment, even though caused by his own wrongful activity, should be taken into consideration in fixing the level of child support. Weighing the relative incomes and expenses of the parties in the light of the expenses relating to Tabatha, the court reduced John's support payments to $250 per month plus Tabatha's actual medical and dental insurance premiums.

Neither party was required to pay counsel fees to the other. Catherine appeals, contending that John failed to present evidence justifying a reduction in child support and that she was entitled to an award of counsel fees incurred in the defense of John's petition.

■ Code § 20-108 gives a divorce court continuing jurisdiction, after a final decree of divorce has been entered, to modify its decree with respect to the custody and maintenance of minor children. The court's power in this respect is unaffected by any contract entered into between husband and wife. Neither ratification nor incorporation of such a contract by the divorce decree affects the court's continuing jurisdiction in this regard. *Featherstone* v. *Brooks*, 220 Va. 443, 446, 258 S.E.2d 513, 515 (1979); *Carter* v. *Carter*, 215 Va. 475, 481, 211 S.E.2d 253, 258 (1975).

■ In order to invoke the court's continuing jurisdiction to modify its decree, the party seeking a change has the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree. *Hammers* v. *Hammers*, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975); *Crosby* v. *Crosby*, 182 Va. 461, 464, 29 S.E.2d 241 (1944). As we further noted in *Hammers*, a party seeking a reduction in support payments has additional burdens: "[H]e must make a full and clear disclosure relating to his ability to pay. He must also show that his lack of ability to pay is not due to his own voluntary act or

because of his neglect." *Hammers*, 216 Va. at 31-32, 216 S.E.2d at 21. In both *Hammers* and *Crosby*, the change in circumstances relied on to obtain a reduction in support payments was the former husband's failure to pay his federal income taxes, which were greatly in arrears. Each of those cases, like the case now before us, involved an effort by a former husband to shift to his wife or child the consequences of his own wrongdoing.

In the case before us, it is undisputed that John Lowry's diminution of income was the direct consequence of his voluntary, wrongful act.* After receiving a direct warning from his employer following a previous theft, he was fired for stealing again. He failed to meet the burden, required by the rule in *Hammers*, of showing himself free of responsibility for his change in circumstances, and was not entitled to a reduction in support based upon the diminution of income caused by the loss of his job.

A further reason John advanced in favor of a reduction in support payments was that, apart from his loss of income, his expenses had substantially increased since the divorce decree. This was primarily, if not entirely, the result of his remarriage and assumption of responsibility for a new family. But his primary responsibility was to the child of his former marriage. His subsequent, voluntarily-assumed responsibilities should not have been taken into account as a justification for reducing his obligation to support his own child. In reversing a decree reducing a father's child support payments in *Treger* v. *Treger*, 212 Va. 538, 539, 186 S.E.2d 82, 84 (1972), we said: "His assumption of the responsibility of supporting a new wife and her children is entitled to little, if any, consideration." We find that the evidence fails to support the modification ordered by the trial court, and we will reverse the decree appealed from and reinstate the award of child support in the amount of $300 per month, which was provided by the trial court's order of June 21, 1982.

Undoubtedly, the trial court required each party to bear his or her own counsel fees because there was no great disparity in their respective economic circumstances and because both John's petition and Catherine's defense appeared to the court to have substantial merit. However, after the divorce decree was entered,

---

* We have not been called upon to decide, and do not now decide, the question presented by a voluntarily-incurred reduction of income for a purpose ultimately beneficial to the payee, such as a change to a new occupation offering brighter prospects in the long run, or education and training undertaken to qualify the payor to enter such a new career.

Catherine was required to engage counsel for four court appearances in less than one year as a result of John's persistent efforts to reduce the level of child support to which he had agreed. Catherine's efforts were necessary for the defense of the child's interests against repeated attacks which we now hold to be meritless.

In *Carswell* v. *Masterson*, 224 Va. 329, 332, 295 S.E.2d 899 (1982), we held that a court of equity has the power to award counsel fees in aid of contempt proceedings to enforce court orders, particularly where a child's interests are at stake. The same reasoning applies to counsel fees incurred while resisting an attack on a child's interests under a court order. Accordingly, we will award counsel fees for services in this court, and will remand the case to the trial court for the determination of an appropriate award of counsel fees incurred there.

*Reversed and remanded.*