## CIRCUIT COURT OF FAIRFAX COUNTY

Nancy Gaunoux

     v.

Andre Alexandre Gaunoux

Case No. (Chancery) 95709

July 26, 1989

## By JUDGE THOMAS S. KENNY

On Friday afternoon I heard testimony and argument at some length on the issue of visitation. I ruled that the evidence before me did not justify a change in the visitation schedule set out in the Decree of Divorce of April 5, 1988, and accordingly, I granted Mr. Gannon's motion to enforce Mr. Gaunoux's visitation privileges and denied Mr. Tate's motion to modify visitation by shortening the summer visitation to two weeks.

Due to the lateness of the hour, I heard only brief testimony from Mrs. Gaunoux on her claims for support arrearages. I asked counsel to come to an agreement as to the amount and timing of the various payments made by Mr. Gaunoux, and when that determination has been made, the Court would then be in a position to determine whether the liquidated damages provided in Paragraph 1(d) of the divorce decree should apply. Mr. Tate asked the Court to enter a judgment against Mr. Gaunoux for the amount of any arrearage thus determined and also asked the Court to modify the April, 1988, final decree to provide that support payments in the future will become a lien against the real property of Mr. Gaunoux so long as they remain unpaid. I deferred a ruling on the first request, pending

the development of appropriate data by counsel; I took the second request under advisement to determine if I had the authority to amend the decree for that purpose.

Before I get to the substantive issue of the Court's authority to amend the decree, I would like to note that, as a procedural matter, I am not sure that either of the last two questions was properly before me. Mr. Tate had originally filed a "Petition for Lien on Real Estate for Child and Spousal Support Arrearages," to be heard on June 30, and which was rescheduled to July 7. On that day, I denied the petition and suggested to Mr. Tate that he reform it to seek a judgment for the arrearages. That is apparently what he was attempting to do with the request concerning arrearages which I deferred last Friday. He also took it one step further and asked for an amendment of the decree to provide for the continuing lien. Neither the request for a judgment on the arrearages nor a request for the amendment of the decree to provide for the continuing lien seems to be supported by a written motion in the file, and fairness to the complainant would require that such a written motion and notice thereof should be given. When counsel have agreed on the amount of arrearages, if any (exclusive, of course, of liquidated damages), I think that Mr. Tate should give notice of his request for judgment for the arrearages and also his motion for an amendment to the final decree. Mr. Tate has already asked for both of these in open court, so it will come as no surprise to Mr. Gannon; however, I would like the file properly to reflect just what is being asked of the Court.

With respect to the substantive question of whether the Court has the power to amend the final decree to provide for a continuing lien for child support payments, I am of the opinion that the Court has that power. Section 8.01-460 of the Virginia Code provides that such a lien can only be docketed if it is so ordered by the court in the decree, which was not done in the 1988 divorce decree. However, § 20-108 of the Code does permit such a decree to be revised and altered, on a prospective basis, insofar as it concerns the care, custody, and maintenance of the child. I believe that the imposition of a lien for unpaid child support, where a history of delinquency has been established, is sufficiently related to the "care,

custody, and maintenance" of the parties' minor child to permit the decree to be revised within the meaning of § 20-108. Once the decree is so revised, it will then come within the scope of § 8.01-460 and permit the child support award to be docketed as a continuing lien against the real property of Mr. Gaunoux.

However, the same analysis would not permit the award of spousal support to be made a continuing lien against the real estate of Mr. Gaunoux. Because § 20-108 does not provide for a revision concerning spousal support, I think that the April, 1988, decree cannot now be amended to provide a continuing lien for spousal support. It could have provided such a lien when it was first entered, of course, but I think that it is too late to amend it now. This would only apply, of course, to the prospective imposition of a continuing lien. To the extent that Mr. Gaunoux has any actual arrearages in spousal support, those arrearages can be reduced to judgment and a judgment lien imposed against the property, just as an actual arrearage in child support can be. It is only in the area of the prospective imposition of a continuing lien that I am drawing a distinction between child and spousal support.

March 19, 1990

By JUDGE MICHAEL P. McWEENY

The Court has had this matter under advisement following oral argument and the filing of briefs by counsel upon defendant's motion for a reduction of child support payments.

At present, Mr. Gaunoux is paying $1,200 per month in support of his child, Andre, Jr., under terms of a November 11, 1987, agreement with the complainant. Subsequently, this interim agreement was incorporated into a final decree of divorce entered April 5, 1988. Prior to entry of the divorce decree, Mr. Gaunoux petitioned the Court for a decrease in monthly support payments. Following the presentation of evidence, the Court denied Mr. Gaunoux's request on July 5, 1988. In December, 1988, Mr. Gaunoux filed the petition presently before this Court seeking a reduction in child support payments on the grounds of a material change in circumstances citing his deteriorat-

ing health, his diminished income, and the increase in complainant's income.

In considering Mr. Gaunoux's petition, the Court is guided by Va. Code § 20-108 and the requirement that the party seeking relief establish a material change in circumstances justifying a modification. *Edwards v. Lowry*, 232 Va. 110 (1986).

However, a material change standing alone is not sufficient justification for a change in support. *See Yohay v. Ryan*, 4 Va. App. 559 (1987). The Court takes notice that under Va. Code § 20-108, it may modify support payments as required based on the circumstances of the parents and considering the needs of the child. Under this standard, the Court must necessarily consider evidence presented in prior support proceedings in order to understand the past and present circumstances of the parties in deciding whether any changes are material.

Briefly reviewing the evidence, it is the Court's opinion that Mr. Gaunoux has failed to meet his burden of proof. On the issue of his deteriorating health, the evidence indicates Mr. Gaunoux suffered a stroke in January, 1989, and his emotional health is perhaps worse than in July, 1988. Although his future health may be at increased risk because of the degenerative effects of time, the evidence does not establish any significant change in Mr. Gaunoux's physical or clinical condition since July, 1988.

With respect to the issue of diminished income, Mr. Gaunoux argues the diminution is the result of a depressed market for residential real estate and limitations imposed upon his ability to work as a result of his health. The Court is not persuaded by the evidence. Aside from Mr. Gaunoux's testimony, no evidence was presented concerning the severity or duration of present real estate market conditions. The Court notes that among his various investment properties, Mr. Gaunoux sold the Hickory Street property at a profit in 1989 and has another currently on the market. Additionally, the Garfield Street property is not on the market because of its profitability as a rental unit. Mr. Gaunoux has additional assets of more than $300,000 in cash. This amount includes loan proceeds of $50,000 earmarked for future investment purposes and approximately $60,000 in an account in France. Although

Mr. Gaunoux claims this latter amount represents proceeds of an inheritance, the Court does not recognize the account as separate property. Separate property is a designation used in the equitable distribution of marital assets. For purposes of support obligations, the Court may consider all income from all sources, including imputed income and income by constructive receipt. *See e.g.*, Va. Code Sections 20-108.1 and 20-108.2

Finally, testimony indicates that over a two-year period, including a six month period of unemployment while attending school full time, the complainant's income on an annual rate increased from $19,240 to $23,400. On the evidence presented, the Court does not find the change material.

Upon review of the evidence and briefs by counsel, the Court is of the opinion that Mr. Gaunoux has established some changes in circumstances since the July, 1988, ruling. However, the degree of change does not rise to the level of materiality required to justify a modification of the existing support obligation.