## CIRCUIT COURT OF HENRICO COUNTY

Stacy O. Horn (Pintavalle)

    v.

Michael A. Horn

November 1, 1989

Case No. A2537J

By JUDGE JAMES E. KULP

    This matter came before the Court on September 25, 1989, upon plaintiff's motion to change custody of her son, Chase, from the defendant to her, or in the alternative, to reduce child support. The Court ruled from the bench on the custody issue but took under advisement the question of reducing child support.

    Some background is necessary in order to place this case in perspective. The parties were married on May 23, 1981, and one child, Chase, was born of this marriage. A Final Decree of divorce was entered by this Court on July 15, 1987. The decree provided that all matters concerning custody and support of Chase were transferred to the Juvenile and Domestic Relations District Court. Both parties filed a petition in the Juvenile Court requesting custody. On February 25, 1988, the Juvenile Court rendered its decision, and the case was appealed to this Court.

    On July 5, 1988, after an extensive hearing, the Court granted custody of Chase to the defendant. On September 19, 1988, the matter came before the Court on the defendant's motion for child support. At the time of this hearing, plaintiff had remarried but was working and had

a monthly income of $1,544.00. At this same time, the defendant's income was $1,337.47 per month. The Court entered an order that plaintiff pay child support in the amount of $40.00 per week.

At the hearing on September 25, 1989, the evidence established that the plaintiff gave birth to a child in December, 1988. That as a result of a joint decision with her present husband, the plaintiff has stopped working in order to remain home with her new child. At the time plaintiff quit her job, she was earning $20,000.00 annually. No evidence was presented as to the defendant's present income nor the present needs of Chase.

Section 20-108 of the Code grants the Court the authority to modify child support. The petitioning party must "prove both a material change in circumstances and that such change justifies an alteration in the amount of support." *Yohay v. Ryan*, 4 Va. App. 559, 566 (1987).

In this case, the plaintiff asserts that the material change in circumstances is that she is no longer employed and consequently has no income. In *Hammers v. Hammers*, 216 Va. 30, 31-32 (1975), the Supreme Court noted that in seeking a reduction in support payments, the party "must also show that his lack of ability to pay is not due to his own voluntary act or because of his neglect." *See also Yohay v. Ryan, supra.* The evidence establishes that plaintiff's present circumstances resulted from a voluntary decision on her part to quit her job in order to stay at home with a child of her present marriage. No matter how laudatory this decision may be, it does not alter the fact that her "primary responsibility was to the child of [her] former marriage." *Edwards v. Lowry*, 232 Va. 110, 113 (1986). As the Supreme Court observed in *Edwards v. Lowry*, the plaintiff's "subsequent, voluntarily assumed responsibilities should not [be] taken into account as a justification for reducing [her] obligation to support [her] own child." *Id.* at 113.

Furthermore, there was no evidence presented as to the present needs and circumstances of Chase nor as to the defendant's present circumstances. The Court would not be warranted in modifying child support in the absence of such evidence. *See Hederick v. Hederick*, 3 Va. App. 452 (1986).

For the reasons set forth in this opinion, the Court denies the plaintiff's motion for a reduction in child support.