COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Senior Judge Hodges
Argued at Alexandria, Virginia


PAUL PIERRE SMYTH

v.        Record No. 2339-94-4      MEMORANDUM OPINION[*] BY
                                    JUDGE JERE M. H. WILLIS, JR.
AMY RUTH SMYTH                          OCTOBER 3, 1995

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       J. Howe Brown, Jr., Judge

            Peter Imants Grasis (Stephen G. Cochran;
            Brian M. Miller, on brief), for appellant.

            Mark B. Sandground, Sr. (Judy Tyrrell;
            Sandground, Barondess & West, P.C., on
            brief), for appellee.


        Paul Pierre Smyth contends that the trial court erred (1) in

concluding that he had the ability to pay child support, (2) in

denying his motion to terminate child support, and (3) in

requiring him to post a $25,000 surety bond.  We find no error

and affirm the judgment of the trial court.

        By order dated April 18, 1994, the trial court ordered Mr.

Smyth to pay $2,227 per month for child support pendente lite.

On July 21, 1994, Mr. Smyth was convicted of money laundering in

violation of 18 U.S.C. 1956 (a)(3) and was sentenced to serve

nine years in a federal penitentiary, without possibility of

parole.  On July 27, 1994, he filed a motion to modify his

support obligation, asserting a "substantial change in

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

circumstances, justifying a reduction or elimination in child support."  On September 2, 1994, Ms. Smyth moved to attach Mr. Smyth's separate assets for payment of child support.  After a hearing was held on September 9, 1994, the trial court denied both motions.

By decree of divorce a vinculo matrimonii entered November 8, 1994, the trial court required Mr. Smyth to pay $2,227 per month for the maintenance and support of the parties' three minor children.  At that time, Mr. Smyth had accrued an arrearage of $4,454 for the months of September and October 1994.  The trial court reduced this arrearage to judgment.

Mr. Smyth contends that the trial court erred in determining that he had the ability to pay child support and in denying his motion to modify his support obligation.

Code § 20-108 provides continuing jurisdiction to change or modify a decree providing maintenance of minor children.  "In order to invoke the court's continuing jurisdiction to modify its decree, the party seeking a change has the burden of proving by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree."  Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986).

A party seeking to reduce the amount of support payments for minor children because of a change in financial condition must make a full and fair disclosure of his ability to pay and show that his lack of ability to pay is not due to his own voluntary

act or neglect.  Hammers v. Hammers, 216 Va. 30, 31-32, 216 S.E.2d 20, 21 (1975).

Mr. Smyth's diminution in income was the "direct consequence of his voluntary wrongful act."  Edwards, 232 Va. 113, 348 S.E.2d at 261.  He was convicted in federal court of money laundering and was sentenced to serve nine years in a federal penitentiary.  He offered no evidence of inability to pay child support other than this conviction.  He failed to meet the second requirement of Hammers, to prove "that the lack of ability to pay is not due to any voluntary act or neglect."  Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991).  He "failed to meet the burden of proving himself free of responsibility for his change of circumstances, and was not entitled to a reduction in support" based upon the loss of income caused by his conviction.  Edwards, 232 Va. at 113, 348 S.E.2d at 261.

Mr. Smyth next contends that the trial court erred in requiring him to post a $25,000 surety bond to secure his child support obligation.  We find no error.  Code § 20-114 states:

> Upon the entry, or thereafter, of any . . . decree for support and maintenance for . . . a child or children in a pending or concluded divorce suit, . . . the court in its discretion may require the giving of recognizance, with or without surety, for compliance therewith, by the party against whom such order or decree is entered.

Va. Code Ann. § 20-114.

We affirm the judgment of the trial court.

Affirmed.