COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia

DAVID WAYNE BROOKS

MEMORANDUM OPINION[*] BY
v.  Record No. 1928-96-2     JUDGE JAMES W. BENTON, JR.
                                    JUNE 3, 1997
DIVISION OF CHILD SUPPORT ENFORCEMENT,
  ex rel. CATHLEEN BROOKS


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Jeffrey L. Galston (Hyder, Lowe & Galston, on
brief), for appellant.

(James S. Gilmore, III, Attorney General;
William H. Hurd, Deputy Attorney General;
Robert B. Cousins, Jr., Senior Assistant
Attorney General; Craig M. Burshem, Regional
Special Counsel, on brief), for appellee.


David Wayne Brooks appeals from an order reducing his child support obligation from $280 per month to $100 per month. Brooks argues that the trial judge erred in refusing to further reduce his obligation to conform to Brooks' limited ability to pay. The Division of Child Support Enforcement argues that the trial judge erred in ordering any reduction in Brooks' obligation. For the reasons that follow, we reverse the order.

I.

Brooks filed a motion for a reduction in his child support obligation. A judge of the juvenile and domestic relations district court denied the motion. After Brooks appealed that order, a hearing was held in the circuit court. The statement of

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

facts recites that the evidence proved that Brooks was convicted of attempted capital murder and firearm charges and was incarcerated at a Virginia prison.  Brooks was employed in prison as head cook and was paid a wage of only 45 cents per hour.

Brooks argued that he was unable to make his child support payments because his monthly income was $54.  The Division of Child Support Enforcement argued that Brooks was not entitled to any reduction in his support obligation because his incarceration was caused by his own voluntary actions.  The circuit court judge entered an order stating the following:

> [Brooks] is presently under a court order to pay to the [Mother], as child support, the sum of $280.00 per month, and $40.00 per month towards the accrued arrearage.  The present order shall be suspended effective May 1, 1996, whereby [Brooks] shall pay to the Mother, as current child support, the sum of $100.00 per month, payable on the first of each month.  The guideline amount was computed by imputing minimum wage of $4.50 per hour to [Brooks], or $775 per month and a monthly gross income of $1770 for the Mother.  These figures result in a monthly child support obligation of $185.00, however the Court is deviating from the presumptive guideline amount and ordering only $100.00 per month because [Brooks] is incarcerated. The $100 per month child support obligation shall remain in effect until thirty days after . . . Brooks['] release from incarceration, at that time the suspension shall be lifted and the prior order of $280.00 per month current child support and $40.00 per month towards the accumulated arrears will again be in effect.

This appeal arises from that order.

## II.

"The court may . . . revise and alter . . . [a child support] decree . . . as the circumstances of the parents and the benefit of the children may require."  Code § 20-108.

> When invoking the divorce court's continuing jurisdiction under Code § 20-108, . . . a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement.  In discharging this burden, a father seeking a reduction in support payments must . . . show his claimed lack of ability to pay is not due to his own voluntary act or because of his neglect.

Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991).

The reason for Brooks' diminished ability to pay, his incarceration, was a result of his own voluntary act of committing the crime of attempted capital murder.  The Supreme Court of Virginia has squarely addressed the principle controlling the case of an obligor who seeks a reduction of child support because of wrongful conduct.  See Edwards v. Lowry, 232 Va. 110, 348 S.E.2d 259 (1986).  Reviewing a trial judge's decision to reduce the child support payments of a father who was fired from his employment for stealing, the Supreme Court observed that "the case now before us . . . involved an effort by a former husband to shift to his wife or child the consequences of his own wrongdoing."  Id. at 113, 348 S.E.2d at 261.  In reversing the trial judge's decision to reduce the payments, the

Supreme Court ruled that the father "failed to meet the burden . . . of showing himself free of responsibility for his change in circumstances, and was not entitled to a reduction in support based upon the diminution of income caused by the loss of his job." Id. Certainly, Brooks stands in no better position when the diminution of his income was caused by his incarceration for a voluntary criminal act.

The record provides no other basis upon which the trial judge could have reduced Brooks' child support obligation. We hold, therefore, that the trial judge erred in using Brooks' incarceration as a ground for reducing his child support obligation. Accordingly, we reverse the order and remand to the trial judge to reinstate the original support order.

Reversed and remanded.