## CIRCUIT COURT OF FAIRFAX COUNTY

Smull

v.

Smull

April 9, 1998

Case No. (Chancery) 98533

BY JUDGE M. LANGHORNE KEITH

This matter came on for a hearing on March 12, 1998, on the parties' cross motions. Mr. Smull seeks a reduction in spousal support while Ms. Whitney (formerly Mrs. Smull) seeks an increase in spousal support.

Until recently, Mr. Smull, a retired Air Force Colonel ("Smull"), held a full-time job at System Planning Corporation ("SPC"). In September of 1997, Smull was placed on part-time due to the loss of a contract with the government of Taiwan. This loss of his full-time position was involuntary. However, instead of looking for a job in the engineering/management field,[1] Smull continued in his part-time job with SPC and started a new career as a wine salesman with a vineyard who manager is his current wife. Up to the date of the hearing, he had made no efforts to see if other companies might have positions available within his specialty. As a result of these changes, Smull's income was reduced from approximately $98,000.00 per annum to some $59,000.00. Because of his drop in income, Smull moved the Court to eliminate his spousal support obligation or to substantially reduce it.

When Mr. Smull and Ms. Whitney ("Whitney") were divorced in 1988, Ms. Whitney was unemployed. However, the Court's file reflects that Whitney had been employed from 1980 to 1986 at an average annual wage of some $27,000.00. Shortly after the divorce, Whitney moved to Philadelphia and obtained a full-time job as an airline ticket representative. She now lives

---

[1] Smull did attempt to see if there were other full-time positions at SPC without success.

in Seattle, Washington, where she moved to take care of her mother. This move, as well as some serious health problems,[2] has forced Whitney into a part-time position with the airline. She now earns a little over $18,000.00 a year in this position.[3] The parties 28-year-old daughter, who is severely disabled, lives with Whitney in Seattle.

To prevail, Smull must prove both a material change in circumstances and that such a change warrants a modification of support. *Moreno v. Moreno*, 24 Va. App. 190, 195 (1997). Even if there is a material change in circumstances, Smull must show that his inability to pay is not due to his own voluntary act or because of his neglect. *Edwards v. Lowry*, 232 Va. 110, 112-13 (1986); *Hammers v. Hammers*, 216 Va. 30, 31-2 (1975). While Smull is not responsible for the reduction in his hours at SPC, he has totally neglected or avoided any effort to seek employment commensurate with his background and training. After listening to all the evidence and considering the law applicable to Smull's petition, it is clear to the Court that it must be denied.

Likewise, Whitney must show that there has been a material change in circumstances since the 1988 award that would justify an increase in the spousal support awarded in the final decree. This, I find, has not been proven by a preponderance of the evidence. Her health problems predate the final decree. Also, her income is not significantly less than it was at the time of the decree when the income from her share of the pension is included.

---

[2] These problems were present at the time of the divorce in 1988 but have worsened over time.

[3] Whitney also receives $1,839.22 as her marital share of Col. Smull's pension. The award was based on a lump sum calculation and will terminate about the year 2001. Whitney's income and expense statement indicates that she is living modestly and, with the current level of spousal support, is in the "black" by $92.88 per month.

338

Having balanced all the factors and considered the evidence adduced at the hearing, I award Ms. Whitney her attorney's fees in the amount of $2,674.40.