## CIRCUIT COURT OF FAIRFAX COUNTY

Robbin J. Brahms

v.

Bradley S. Brahms

September 10, 2001

Case No. (Chancery) 149046

BY JUDGE STANLEY P. KLEIN

Defendant Bradley S. Brahms (Mr. Brahms) moves this court for a reduction of his child support obligation for the parties' children based upon alleged material changes in circumstances. Complainant, Robbin J. Brahms (Ms. Brahms), opposes the reduction and moves this court for an award of attorney's fees incurred in defending against Mr. Brahms' motion. Ms. Brahms contends that she is entitled to recover all of her attorney's fees pursuant to paragraph 14(b) of the Custody, Support, and Property Settlement Agreement of the parties. In the alternative, she asks to recover all, or a reasonable share of her attorney's fees, consistent with the equitable powers of this court. The court has considered the evidence presented and the arguments of the parties. For the reasons set out in this opinion letter, the motion for reduction of support is denied, and Ms. Brahms is awarded a reasonable portion of her attorney's fees.

### I. *Background*

The parties are the parents of three children, ages 17, 15, and 12. On December 22, 1997, they entered into a Custody, Support, and Property Settlement Agreement, which established, *inter alia*, that Ms. Brahms would

be the primary physical custodian of the children and that Mr. Brahms would pay her child support in the sum of $2,097.00 per month. This agreed child support figure was based upon a calculation of the presumptive amount of support pursuant to Virginia Code § 20-108.2, as evidenced by the guideline worksheet appended to the Agreement. The worksheet reflected monthly gross incomes of $3,414.00 for Ms. Brahms and $10,000.00 for Mr. Brahms. In fact, however, Mr. Brahms' true income at that time through his employment with Volt Management Corporation was $164,159.00,[1] or $13,680 per month, substantially higher than the $10,000.00 per month utilized in the agreed child support calculations. The Agreement was incorporated in a Final Decree of Divorce entered by this court on February 23, 1998.

On March 14, 2001, Mr. Brahms filed the instant Motion for Reduction of Child Support. In his motion, he alleged that: (1) Ms. Brahms' income had increased from $3,414.00 per month to $7,300.00 per month; (2) work-related child-care costs had ended; (3) health insurance coverage for the children was now part of Ms. Brahms' employment benefits; and (4) Mr. Brahms' income had remained the same (to wit $120,000.00 per year).

At the June 20, 2001, hearing on Mr. Brahms' Motion for Reduction of Child Support, Ms. Brahms stipulated that her income had indeed increased to $7,300.00 per month and that she no longer had any out-of-pocket expense for health insurance coverage for the children. The parties further agreed that their youngest son had extraordinary needs that required some after-school child-care, and the court found $617.00 per month to be a reasonable sum to meet Ms. Brahms' work-related child-care needs. The major issue in dispute at the hearing was Mr. Brahms' claim that his income was $10,000.00 per month.[2]

At the hearing, Mr. Brahms testified that in the fall of 2000 he had been informed by his superiors at Volt Management that the "cost structure" for his services would have to be modified downward. He claimed to have been given the "impression" that if such a change were not effected, they would no longer use his services. As a result, Mr. Brahms voluntarily left Volt Management in October 2000 and established Bralen Technologies, Inc. Mr. Brahms is the sole shareholder of this corporation and its sole decision-maker. Although his company is receiving $174,996.00 per year for virtually the same services he previously provided to a third party while at Volt Management, Mr. Brahms elected to pay himself a salary of $120,000.00. He further testified that Bralen

---

[1] See Def. Exh. # 2 (received in evidence at the June 20, 2001, hearing).

[2] The parties also presented their positions on issues relating to orthodontia expenses, summer camp expenses, and their son's Bar Mitzvah expenses. These issues were either settled or ruled not properly before the court.

Technologies pays his present wife $12,000.00 per year for accounting services but produced no documentation to corroborate this testimony. Mr. Brahms presented no further evidence concerning any additional out-of-pocket expenses of the company and claimed that the profits of the company were being used to fund the corporation. Again, no additional testimony or documentary evidence was presented to corroborate this claim.

## II. *Analysis*

### A. *Motion to Reduce Child Support*

At the conclusion of the hearing on June 20, 2001, Mr. Brahms argued that this court should once again find his income to be $120,000.00 for purposes of calculating his child support obligation. The court declines to so rule. In calculating a person's income for purposes of determining child support pursuant to Virginia Code § 20-108.2, "gross income shall be subject to deduction of *reasonable* business expenses for persons with income from self-employment, a partnership, or a *closely held business.*" Virginia Code § 20-108.2(C) (emphasis added). As such, the salary, benefits, and dividends one elects to pay himself in his solely-owned corporation must be reasonably related to the income and expenses of the entity.

This court has previously held that a party claiming deductions from the gross income of a business bears the burden of proving by the greater weight of the evidence that the claimed deductions are reasonable. *Meyers v. Meyers*, 38 Va. Cir. 78 (Fairfax 1995). One who runs a self-owned business is clearly in a much better position to establish the reasonable nature of claimed expenses than one's estranged spouse or former spouse. A panel of the Court of Appeals, albeit in an unpublished decision, reached the same conclusion in *Taslitt v. O'Conner*, 1999 Va. App. LEXIS 655, No. 2724-98-4 (Va. App. Dec. 7, 1999) (unpublished) ("We agree with wife that husband . . . bore the burden of establishing reasonable business expenses to be deducted from gross income figures for purposes of calculating his gross income.").

Based upon the credible evidence presented at the hearing, the court finds that Mr. Brahms has failed to meet his burden of proof to establish any need for business expenses other than a salary for himself and possibly the $12,000.00 he claims to pay his wife yearly for accounting services. Mr. Brahms' personal services contract generates $174,996.00 per year for his corporation. The court rejects his uncorroborated claim that $42,996.00 of profit from Mr. Brahms' service contract has been reasonably utilized to

44

"properly fund" Bralen Technologies. The court, therefore, finds that Mr. Brahms' unilaterally determined salary of $120,000.00 is artificially deflated and finds his gross income for child support calculation purposes to be at least $162,996.00. When the appropriate calculations are undertaken utilizing the sole custody guidelines of Virginia Code § 20-108.2,[3] the presumptive amount of support exceeds the $2,097.00 per month previously agreed to by the parties and ordered by the court in the parties' divorce decree. No claim has been made that the court should deviate from the presumptive amount of child support as a result of any of the factors delineated in Virginia Code § 20-108.1. Accordingly, this court denies Mr. Brahms' Motion for Reduction of Child Support, as no material change in circumstances has occurred which warrants a reduction in the support. See *Yohay v. Ryan*, 4 Va. App. 559 (1987).

B. *Request for Attorney's Fees*

At the June 20 hearing, counsel for Ms. Brahms sought an award of attorney's fees. However, no pleading had been filed requesting such relief, and this court was therefore without any authority to award it. See *Ted Lansing Supply v. Royal Alum.*, 221 Va. 1139 (1981). On June 22, 2001, however, Ms. Brahms filed a written Motion for Attorney's Fees seeking recovery of $5,609.02 in attorney's fees and costs incurred in defending against Mr. Brahms' child support reduction motion.

At oral argument on her attorney's fees motion, Ms. Brahms presented two arguments: (1) that pursuant to paragraph 14(b) of the Custody, Support and Property Settlement Agreement of the parties, she was entitled to recover all of her attorney's fees and costs; and (2) if the court disagreed, she was nevertheless entitled to recover her reasonable attorney's fees and costs in defending against Mr. Brahms' meritless motion. The court will address each of these arguments.

Paragraph 14(b) of the Agreement reads as follows:

*Fees and costs of enforcing agreement.* In the event either party *breaches* this agreement and a judicial decision is entered in favor of the other party, the *defaulting* party agrees to pay all of the counsel fees and other costs incurred in the matter by the prevailing party.

---

[3] Mr. Brahms concedes that these guidelines are applicable as he utilized them in his submission to the court. See Def. Exh. # 4.

(Emphasis added.) The plain language of this provision establishes that it does not apply to the present dispute between the parties. Mr. Brahms has not breached the Agreement; he is exercising his statutory right to seek a modification of his child support obligation, pursuant to Virginia Code § 20-108. Accordingly, Ms. Brahms is not contractually entitled to recovery of her attorney's fees and costs.

Ms. Brahms further seeks recovery of her attorney's fees and costs based upon the applicable statutory and common law. Mr. Brahms responds that, although there is a statutory right to recover attorney's fees during the pendency of a divorce action, pursuant to Virginia Code § 20-103(A), and at the time of the entry of a final decree, pursuant to Virginia Code § 20-79(b), there is no statutory or common law basis for recovery of attorney's fees in post-final decree litigation. Hence, he contends that the "American Rule" barring recovery of attorney's fees absent contractual or statutory authorization[4] controls these post-final decree proceedings. Mr. Brahms' argument ignores binding Virginia Supreme Court precedent.

In *Carswell v. Masterson*, 224 Va. 329 (1982), the Supreme Court addressed the power of a trial court to award attorney's fees incident to post-final decree contempt proceedings for nonpayment of support. Relying on its prior decisions in *Allig v. Allig*, 220 Va. 80 (1979), and *McKeel v. McKeel*, 185 Va. 108 (1946) (authorizing allowance of attorney's fees in proceedings to establish and enforce foreign decrees of alimony), the Court held that:

> An aggrieved party to a divorce suit has the right to petition for relief, and the court has the authority to hold the offending party in contempt for acting in bad faith or for willful disobedience of its order. Consistent with our prior decisions, we hold that in such cases a court has the discretionary power to award counsel fees incurred by an aggrieved party incident to contempt proceedings instituted and conducted to obtain enforcement of an order of the court.

*Carswell*, 224 Va. at 332.

Building on the analytical framework it had established in *McKeel, Allig*, and *Carswell*, the Supreme Court further recognized the right to recover attorney's fees in post-final decree domestic relations litigation in *Edwards v. Lowery*, 232 Va. 110 (1986). In *Edwards*, the father had sought a reduction in his child support obligation after his post-divorce job loss. In addition to

---

[4] See *Gilmore v. Basic Industries*, 233 Va. 485 (1987).

holding that a payor parent's loss of income due to a voluntary wrongful act cannot serve as a basis for a reduction in court-ordered child support, the Supreme Court addressed the failure of the trial court to award the mother attorney's fees incurred in defending against the father's repeated attempts to reduce his child support payments.

In *Edwards*, as here, the motion for reduction of support was ultimately found meritless. Explicitly expanding the scope of its holding in *Carswell*, the Supreme Court held that "the same reasoning [supporting an award of fees in child support contempt proceedings] applies to counsel fees incurred while resisting an attack on a child's interests under a court order" and remanded the case to the trial court to, inter alia, award appropriate attorney's fees. *Edwards*, 232 Va. at 114.

Although the father's actions in *Edwards* obviously differ from Mr. Brahms' actions herein, those differences have no bearing on whether this court has the power to award post-final decree attorney's fees. Based upon the Supreme Court's decision in Edwards, this court concludes that it has jurisdiction to entertain an award of attorney's fees to Ms. Brahms.

Accordingly, after full consideration of the evidence and arguments presented,[5] the court awards Ms. Brahms attorney's fees of $3,750.00, payable on or before October 1, 2001.

---

[5] Including Pl. Exh. # 1 received in evidence at the June 29, 2001, hearing.