COURT OF APPEALS OF VIRGINIA


Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


COMMONWEATLH OF VIRGINIA
 DEPARTMENT OF SOCIAL SERVICES
 DIVISION OF CHILD SUPPORT ENFORCEMENT
 *ex rel.* DAVID A. POMEY
                                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0072-05-4                         JUDGE JERE M. H. WILLIS, JR.
                                                                      OCTOBER 4, 2005
ELIZABETH A. QUANTRILLE


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Lon E. Farris, Judge

Rebecca Copeland, Special Counsel, Division of Child Support
Enforcement (Judith Williams Jagdmann, Attorney General;
Craig M. Burshem, Senior Assistant Attorney General; Beth J.
Edwards, Regional Special Counsel; Hope F. Rosen, Special
Counsel, on briefs), for appellant.

(T. James Binder, on brief), for appellee.  Appellee submitting on
brief.


On appeal from a reduction of Elizabeth Quantrille's child support obligation, the Virginia

Department of Social Services (DSS) contends (1) that the trial court erred in placing upon it the

burden of proving that Ms. Quantrille's change in circumstances was due to her voluntary act or

neglect, and (2) that the trial court erred by reducing Ms. Quantrille's child support obligation based

on her testimony that she was wrongfully terminated from her employment.  Because the trial court

improperly assigned the burden of proof, we reverse the judgment of the trial court and remand for

further proceedings.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On September 10, 2003, the Juvenile and Domestic Relations District Court of Prince William County ordered Ms. Quantrille to pay $924 per month child support for her two daughters, based on her income from employment by the United States Postal Service (Postal Service). In March 2004, she moved the trial court to reduce this obligation because she was no longer employed by the Postal Service.

Ms. Quantrille testified that her gross monthly income had decreased substantially because the Postal Service had wrongfully terminated her employment. DSS presented a record of a Postal Service arbitration decision finding that Ms. Quantrille's dismissal was proper.

The trial court granted Ms. Quantrille's motion, reducing her child support obligation to $226 per month, effective March 23, 2004. The written statement of facts recites that the court ruled that Ms. Quantrille had "met her burden to prove a material change in circumstances." It further recites, "The [c]ourt ruled that [DSS] failed to prove [Ms. Quantrille] lost her job due to her own actions." The trial court refused to impute income to Ms. Quantrille.

Analysis

"The court may . . . revise and alter . . . [a child support] decree . . . as the circumstances of the parents and the benefit of the children may require." Code § 20-108.

> When invoking the divorce court's continuing jurisdiction under Code § 20-108, . . . a party seeking a change in court-ordered child support has the burden to prove by a preponderance of the evidence a material change in circumstances justifying modification of the support requirement. In discharging this burden, a [parent] seeking a reduction in support payments must . . . show his claimed lack of ability to pay is not due to his own voluntary act or because of his neglect. In other words, the [parent] must establish that he is not "voluntarily unemployed or voluntarily under employed."

Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 118-19 (1991). See also Edwards v. Lowry, 232 Va. 110, 112-13, 348 S.E.2d 259, 261 (1986) (party seeking reduction in child support

must show material change in circumstances justifying modification of decree, must make full and clear disclosure regarding ability to pay, and must show lack of ability to pay is not due to own voluntary act or neglect).

The trial court correctly placed on Ms. Quantrille the burden of proving a material change in circumstances justifying modification of her support obligation. However, it erroneously placed upon DSS the burden of proving that the change in circumstance was due to Ms. Quantrille's voluntary act or dereliction. Accordingly, we reverse the judgment of the trial court and remand for reconsideration under the correct standard of proof. We need not address DSS's second issue.

<u>Reversed and remanded.</u>