COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Russell and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

MARK L. PARHAM

v.      Record No. 2061-17-2

TAMMY JO PARHAM

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
OCTOBER 9, 2018

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James S. Yoffy, Judge

Charles E. Powers (Adam D. Rellick; Batzli Stiles Butler PC, on
briefs), for appellant.

Richard L. Locke (Shannon S. Otto; Locke & Quinn, on brief), for
appellee.

On February 22, 2017, Mark L. Parham ("the appellant") filed a motion requesting the

Circuit Court of Henrico County to reduce his spousal and child support obligations due to his

loss of employment. The circuit court determined that the appellant was voluntarily

underemployed, imputed income to him, and ordered him to pay $9,000 per month in spousal

support and $1,651 per month in child support. On appeal, the appellant challenges the circuit

court's decision in three assignments of error. First, the appellant contends that the circuit court

applied an incorrect legal standard by automatically imputing income to him upon the loss of his

employment. Second, the appellant argues that the circuit court failed to consider the good faith

and reasonableness of his employment decisions in determining whether he was voluntarily

underemployed. Third, the appellant claims that the circuit court erred by determining that he

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was voluntarily underemployed "due to his own fault." For the following reasons, we affirm the circuit court's decision.

## I. BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence is as follows.

The appellant and Tammy Jo Parham ("the appellee") were divorced on January 29, 2016. Based on evidence presented at an *ore tenus* hearing, the circuit court ordered the appellant to pay the appellee $12,000 per month in spousal support and $1,477 per month in child support. At the time of the parties' divorce, the appellant earned $344,786 per year as the general manager of an automobile dealership in Henrico County. As general manager, the appellant was responsible for overseeing every department of the dealership.

On September 2, 2014, Lawrence J. Page, the owner of the parent company of the dealership, met with the appellant to address concerns about the appellant's work performance. At the meeting, Page presented the appellant with a written memorandum detailing six areas of concern. The memorandum indicated that the appellant failed to ensure that phone calls were promptly returned to upset customers, took an excessive amount of time off from work, and missed important meetings. The memorandum also stated that the used car department of the dealership was "in shambles" and explained that used car sales had dramatically decreased. The memorandum expressly informed the appellant that his son was "not effective" as the manager of the used car department. Additionally, the memorandum addressed the high turnover rate among dealership employees and directed the appellant to not "belittle, harass, use threatening language or curse when talking with employees."

In order to correct the deficiencies in the appellant's work performance, Page advised the appellant to complete several tasks listed in the memorandum. Page informed the appellant that he had sixty days to complete the listed tasks and improve his performance and that he would be terminated from employment if he failed to do so. The appellant took several steps to complete the tasks listed in the memorandum within sixty days of the initial meeting. At some point, Page signed an additional memorandum at the appellant's request indicating that the appellant satisfactorily completed the tasks at issue. The appellant alleged that he was not warned about any deficiencies in his work performance after the September 2, 2014 meeting. In November of 2016, however, Page told the appellant that the company was "moving in another direction" and terminated his employment at the dealership.

On February 22, 2017, the appellant filed a motion requesting a modification of his spousal and child support obligations due to his loss of employment. At the hearing on the motion, the appellant testified that he obtained new employment as the general manager of an automobile dealership in Roanoke earning approximately $162,000 per year. As his income from the Roanoke dealership was substantially less than his previous income, the appellant requested a reduction of his support obligations. He also requested a reduction of his support obligations due to an increase in the appellee's income.

In response, the appellee argued that the appellant was not entitled to a reduction of his support obligations because he was voluntarily underemployed. Based on deposition testimony from Page,[1] the appellee contended that the appellant was terminated from his employment at the Henrico County dealership for cause. Page testified that the appellant was terminated as the

---

[1] The appellant did not object to the admission of Page's deposition testimony as substantive evidence in this case.

general manager of the Henrico County dealership because he failed to adequately remedy the problems that were initially addressed at the September 2, 2014 meeting.

Page admitted that the appellant had taken steps to correct the deficiencies presented at the September 2, 2014 meeting and completed some of the tasks required by the memorandum the appellant received on that date. Nevertheless, Page explained that the appellant failed to resolve the problems associated with the dealership's used car department. Page also explained that employee turnover remained too high and described the dealership as a "revolving door regarding staff." Page further noted that new car sales were deficient and that employee morale at the dealership was low. Page testified that the appellant's uncourteous behavior toward dealership employees got "somewhat better" after the September 2, 2014 meeting, but he indicated that there were "still issues" with the appellant's behavior.

The appellant responded that he corrected all of the performance issues raised at the September 2, 2014 meeting. The appellant denied that there was a problem with employee turnover after the meeting. The appellant, however, admitted that he did not fire his son as the manager of the dealership's used car department. Rather, the appellant directed the general sales manager to "focus more" on the operation of that department. The appellant emphasized that he was never warned about his poor work performance after the September 2, 2014 meeting. Without further warnings from Page or another supervisory employee, the appellant argued that he did not have a reasonable opportunity to correct any problems arising from his allegedly deficient performance. Therefore, the appellant maintained that his termination from employment was not his fault.

The circuit court concluded that the appellant failed to establish that his termination did not arise from misconduct. The circuit court expressly noted the continuing problems at the dealership regarding the used car department and the high rate of employee turnover. The circuit

court also acknowledged the more recent decline in new car sales. Based on these problems at the dealership, the circuit court determined that the appellant was at fault for losing his job. As the appellant was terminated from the dealership for cause, the circuit court concluded that the appellant was voluntarily underemployed.

Based on the appellant's voluntary underemployment, the circuit court imputed an annual income to the appellant equivalent to the income he earned as the general manager of the Henrico County dealership. The circuit court modified the appellant's spousal and child support obligations, however, due to the increase in the appellee's income. After considering the adjusted incomes of the parties, the circuit court ordered the appellant to pay $9,000 per month in spousal support and $1,651 per month in child support. This appeal followed.

## II. ANALYSIS

The appellant contends that the circuit court erred by determining that he was voluntarily underemployed and imputing income to him on that basis. Although the appellant challenged the circuit court's decision in three assignments of error, he presents two primary arguments on appeal. First, the appellant contends that the circuit court applied an incorrect legal standard in determining whether to impute income to him. The appellant maintains that the circuit court erroneously concluded that an imputation of income was mandatory following a finding of voluntary underemployment. Second, in two related assignments of error, the appellant argues that the evidence presented did not establish that he was voluntarily underemployed or justify an imputation of income. The appellant contends that the circuit court erred by concluding that he was terminated from his employment for cause or fault and that the circuit court failed to consider that the employment decisions leading to his termination were reasonable and made in good faith.

Upon review, we find that the circuit court exercised discretion when deciding whether to impute income to the appellant. Furthermore, we conclude that the evidence presented supported the determination that the appellant was voluntarily underemployed and justified the decision to impute income to him.

A. THE CIRCUIT COURT DID NOT IMPOSE A MANDATORY IMPUTATION OF INCOME BASED SOLELY UPON THE APPELLANT'S VOLUNTARY UNDEREMPLOYMENT

The appellant contends that the circuit court erred by determining that it was required to impute income to him upon finding that he was voluntarily underemployed. Based on Murphy v. Murphy, 65 Va. App. 581, 779 S.E.2d 236 (2015), the appellant contends that the imputation of income to a party who is voluntarily underemployed is discretionary. The appellant argues that the circuit court automatically imputed income to him after it concluded that he was voluntarily underemployed without considering additional circumstances that were relevant to the support decision. The determination of whether the circuit court applied the correct legal standard in this case is a question of law subject to *de novo* review on appeal. See Edmonds v. Edmonds, 290 Va. 10, 18, 772 S.E.2d 898, 903 (2015). A review of the record in this case, however, defeats the appellant's argument.

During closing argument, the circuit court and the appellant's attorney discussed the legal standards pertaining to the imputation of income. Citing Murphy, the appellant presented an argument to the circuit court similar to the argument he now presents on appeal. The appellant expressly argued that the imputation of income was not mandatory throughout his closing argument. Specifically, the appellant argued, "Just because [the appellant] lost his job doesn't mean you have to impute income to him. You have to look at all of the circumstances that have occurred here. It's discretionary with the court." The appellant requested the circuit court to

"look at all the facts and look at what [the appellant] is doing and his good faith and [the] reasonableness of his employment decisions" before imputing income.

The circuit court agreed that Murphy "bolstered" the appellant's argument. Based on its initial reading of Murphy, the circuit court explained, "The trial court *has the discretion* to impute income . . . to either or both of the custodial or non-custodial parent[s] who [are] voluntarily unemployed. And of course, if you lose your job for your own cause, you're voluntarily unemployed or underemployed." (Emphasis added.) The circuit court clarified that the primary issue presented in the case involved whether the appellant was at fault for losing his job at the Henrico County dealership and noted that the appellant bore the burden of proof regarding that issue. The circuit court then took a brief recess to read Murphy more thoroughly.

Following the recess, the circuit court concluded that the appellant was at fault for losing his job, and therefore, voluntarily underemployed. While the circuit court imputed income to the appellant due to his voluntary underemployment, it ultimately exercised its discretion to modify the appellant's support obligations. Based on the increase in the appellee's income, the circuit court reduced the appellant's monthly spousal support obligation by $3,000. It then increased the appellant's child support obligation by $174 per month.

Under these circumstances, we conclude that the circuit court did not automatically impose an imputation of income upon the appellant. The appellant presented the circuit court with the legal standards set forth in Murphy, and the circuit court expressly acknowledged that it had the discretion to impute income to the appellant if it concluded that he was voluntarily underemployed. Moreover, the circuit court actually exercised its discretion by modifying the appellant's support obligations.

As the circuit court applied Murphy and exercised its discretion before imputing income to the appellant, we conclude that the circuit court did not impose a mandatory imputation of

- 7 -

income upon finding that the appellant was voluntarily underemployed. Therefore, the circuit court did not commit the error alleged in the appellant's first assignment of error.

B. THE CIRCUIT COURT DID NOT ERR BY CONCLUDING THAT THE APPELLANT WAS VOLUNTARILY UNDEREMPLOYED AND IMPUTING INCOME TO HIM ON THAT BASIS

In his second and third assignments of error, the appellant argues that the evidence presented in this case did not establish that he was voluntarily underemployed or justify the imputation of income to him. Specifically, the appellant contends that the circuit court erred by concluding that he was at fault for losing his general manager position at the Henrico County dealership. The appellant also maintains that the circuit court failed to consider that his employment decisions were reasonable and made in good faith. Upon review, we conclude that the evidence supported the circuit court's conclusions.

We begin our analysis by acknowledging that decisions regarding the determination of spousal and child support are matters of discretion. See Congdon, 40 Va. App. at 262, 578 S.E.2d at 836; Niblett v. Niblett, 65 Va. App. 616, 624, 779 S.E.2d 839, 842 (2015). "Child support decisions, like '[s]pousal support determinations[,] typically involve fact-specific decisions best left in the sound discretion of the trial court.'" Niblett, 65 Va. App. at 624, 779 S.E.2d at 842-43 (quoting Brandau v. Brandau, 52 Va. App. 632, 641, 666 S.E.2d 532, 537 (2008)). When a court's decision pertaining to child or spousal support is based on evidence presented *ore tenus*,[2] the decision is "entitled to great weight." Hatloy v. Hatloy, 41 Va. App. 667, 671, 588 S.E.2d 389, 391 (2003) (quoting Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988)).

---

[2] While Page testified by deposition, the appellant and the appellee testified *ore tenus* at the hearing regarding the appellant's motion to reduce his support obligations.

In general, a party seeking a reduction of his or her court-ordered support obligations "has the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree" establishing the obligations at issue. Edwards v. Lowry, 232 Va. 110, 112, 348 S.E.2d 259, 261 (1986). Such a party must "make a full and clear disclosure relating to his [or her] ability to pay." Id. at 112, 348 S.E.2d at 261 (quoting Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975)). The party must also show that any "lack of ability to pay is not due to his [or her] own voluntary act *or because of his [or her] neglect.*" Id. at 112-13, 348 S.E.2d at 261 (emphasis added). Stated alternatively, the party must establish that he or she "is not 'voluntarily unemployed or voluntarily under employed.'" See Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (quoting Code § 20-108.1(B)(3)).

"In setting or modifying spousal support or child support, a court may impute income to a party voluntarily unemployed or underemployed." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 783 (1999). A party who has been terminated from his or her previous employment may be voluntarily unemployed or underemployed depending on the circumstances surrounding the termination. See generally Edwards, 232 Va. at 113, 348 S.E.2d at 261. "Whether a person is voluntarily unemployed or underemployed is a factual determination." Blackburn, 30 Va. App. at 102, 515 S.E.2d at 784. Accordingly, a court's decision regarding the imputation of income based on voluntary unemployment or underemployment "will not be reversed unless plainly wrong or unsupported by the evidence." Id. at 102, 515 S.E.2d at 784; see also Code § 8.01-680.

The evidence presented in this case supported the circuit court's conclusion that the appellant lost his job because he neglected the requirements of his employment. Page, the owner of the parent company of the Henrico County dealership, testified that the appellant failed to

remedy the problems previously addressed in 2014. Specifically, Page explained that the appellant did not correct the problems involving the used car department of the dealership or adequately address the high rate of employee turnover. Page also testified that employee morale was low and that new car sales at the dealership were deficient. Based on Page's testimony, the circuit court reasonably concluded that the appellant was terminated from his general manager position due to his own fault. Applying our established standard of review, we will not reverse this decision.

The appellant contends that the circuit court erred by failing to consider that the decisions leading to the termination of his employment were reasonable and made in good faith. The appellant argues that he took appropriate and substantial actions to correct the issues brought to his attention in 2014, and he emphasizes that his employer never warned him about any continuing problems with his work performance. Based on these circumstances, the appellant maintains that he was never offered an opportunity to correct the problems that led to his termination.

Contrary to the appellant's argument, the record does not establish that the circuit court failed to consider the good faith and reasonableness of his employment decisions. The appellant testified about the circumstances surrounding his termination from employment, including the actions that he took to remedy the issues raised in 2014. The circuit court considered the appellant's testimony and rejected his argument, expressly noting that the appellant was not entitled to receive a second warning regarding his employment deficiencies.

After weighing the appellant's testimony and the testimony provided by Page, the circuit court concluded that the appellant was at fault for losing his job because he failed to sufficiently correct the problems initially addressed in 2014. "It is well established that the credibility of witnesses and the weight accorded their testimony are matters *solely* within the purview of the

trial court, and its findings will be reversed on appeal only if 'plainly wrong or without evidence to support them.'" Hatloy, 41 Va. App. at 674, 588 S.E.2d at 392 (emphasis added) (quoting Wyatt v. Va. Dep't of Soc. Servs., 11 Va. App. 225, 230, 397 S.E.2d 412, 415 (1990)).

In the present case, the circuit court's determination that the appellant was terminated due to his own fault and neglect was not plainly wrong or lacking in evidentiary support. Page's testimony established that the appellant lost his job for cause. Accordingly, we affirm the circuit court's conclusion that the appellant was voluntarily underemployed and the imputation of income to him on that basis.

C. THE APPELLEE DID NOT INCLUDE UNNECESSARY PARTS OF THE RECORD IN THE APPENDIX

Pursuant to Rule 5A:25, the appellant requests this Court to order the appellee to reimburse him for a portion of the costs that he incurred in the preparation of the appendix. "Nothing shall be included in the appendix that is not germane to an assignment of error . . . . If parts of the record are included in the appendix unnecessarily at the direction of a party, this Court may impose the cost of producing such parts on that party." Rule 5A:25(g). The appellant argues that the appellee designated unnecessary parts of the record for inclusion in the appendix, and by doing so increased its length by sixty-five pages.

The appellee designated the following parts of the record for inclusion in the appendix: (1) the parties' final decree of divorce; (2) the entire transcript of Page's deposition and all of the corresponding exhibits; (3) the entire transcript of the hearing pertaining to the appellant's motion for the reduction of his support obligations and all exhibits admitted at that hearing; and (4) the entire transcript of the circuit court's ruling in this matter. While the appellant had already designated portions of the transcripts at issue and certain exhibits for inclusion in the appendix, the appellee's additional designations were germane to this appeal. Moreover, the

inclusion of the appellee's designation only increased the total length of the appendix to 133 pages (including its cover page and table of contents).

We note that our decision to award the costs associated with the preparation of the appendix is discretionary. See Rule 5A:25(g). Upon review, we decline to award the requested costs to the appellant.

### D. THE APPELLEE IS NOT ENTITLED TO APPELLATE ATTORNEY'S FEES AND COSTS

The appellee requests this Court to award her the attorney's fees and costs that she incurred in connection with this appeal. "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545, 810 S.E.2d 912, 919-20 (2018); see also Rule 5A:30(b). "[T]his Court's decisions regarding attorney's fees and costs are based on its consideration of factors including whether the requesting party prevailed, whether the appeal was frivolous, whether either party generated unnecessary expense or delay in pursuit of its interests, as well as 'all the equities of the case.'" Friedman, 68 Va. App. at 546, 810 S.E.2d at 920 (quoting Rule 5A:30(b)(3)-(4)); see also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Although the appellee prevailed on each of the issues presented by the appellant, we conclude that an award of attorney's fees and costs is inappropriate in this case. Based on the circumstances surrounding the appellant's termination from employment, we conclude that the arguments he presented on appeal were not frivolous. Accordingly, we deny the appellee's request.

### III. CONCLUSION

In summary, we conclude that the circuit court did not impose a mandatory imputation of income on the appellant upon finding that he was voluntarily underemployed. Rather, the record demonstrated that the circuit court exercised its discretion regarding this matter. Furthermore,

- 12 -

we conclude that the evidence presented in this case supported the circuit court's determination that the appellant was voluntarily underemployed and the imputation of income to him on that basis.  We also deny the appellant's request for reimbursement for the costs of preparing the appendix and the appellee's request for attorney's fees and costs.  For these reasons, we affirm the circuit court's decision.

<u>Affirmed.</u>